## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV21-00302JVS(KESx)                    Date   April 22, 2021

Title   Etereo Spirits, LLC et al v. James R. Ling et al

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Plaintiffs' Motion for Preliminary Injunction**

Plaintiffs Etereo Spirits, LLC, a New Mexico Limited Liability Company ("Etereo (NM)") and Arthur Keller ("Keller") (collectively, "Plaintiffs") moved for a preliminary injunction. Dkt. No. 13, 13-1. Defendants Etereo Spirits, LLC, a California Limited Liability Company ("Etereo (CA)") and James R. Ling ("Ling") (collectively, "Defendants") opposed the motion. Dkt. No. 25. Plaintiffs then filed their reply. Dkt. No. 25.

After the Court posted its tentative order ("Tentative"), Plaintiffs filed a request for oral argument. Dkt. No. 28. The Court does not find oral argument to be necessary. L.R. 7-15.

For the following reasons, the Court **DENIES** the motion.

### I. BACKGROUND

The following background is drawn from Plaintiffs' complaint (Dkt. No. 1), as well as certain affidavits and exhibits filed in support of the parties' respective motions. The dispute centers around the use of a Mark for a tequila company, Etereo Spirits.

In 2019 and early 2020, Keller had been working with Hamade Nasser to establish an international component to the Etereo Spirits business. Compl. ¶ 18. Nasser arranged for Ling to make a loan to Keller. Id. However, Ling was not involved with Etereo (NM) nor was he granted any interest in the trademark for the logo. Id. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |

| | |
|---|---|
| Title | Etereo Spirits, LLC et al v. James R. Ling et al |

On July 24, 2019, Keller created Etereo (NM), which he "intended to use as a vehicle to develop, import, distribute, and market high-end tequila products." Compl. ¶ 1. Around the same time, an Initial Resolution and Operating Agreement was prepared for Etereo (NM). Id. ¶ 2. On September 9, 2019, Keller signed a Distribution Agreement for Etereo (NM) with Tequilas Rancho Viejo SA de CV (the "Producer"). Id. ¶ 4. On October 7, 2019, Etereo (NM) obtained a Certificate of Denomination from the Mexican Institute of Industrial Property. Id. ¶ 6.

In preparation for the launch of the brand, Hamade Nasser retained a designer to create a logo. Id. ¶ 6. The designer created the logo prior to the actual formation of the company, and it was approved by Keller on or around June 2019. Id. ¶¶ 6-7. After the company had been formed, Keller filed an application with the U.S. Patent and Trademark Office ("USPTO") to obtain a registered trademark for the logo, which was granted on March 31, 2020. Id. ¶ 11 (U.S. Trademark Registration No. 6,023,306).

Nasser and Keller's business relationship broke down in summer 2020. Id. ¶ 20. Ling sought to convince Keller to continue working with Nasser, but to no avail. Id. Ling then started his own business, Etereo Spirits, LLC (Etereo (CA)) on September 25, 2020. Id. ¶ 21.

Ling founded Etereo (CA) "with the specific intention of using it to confuse and defraud persons associated" with Etereo (NM). Id. ¶ 22. In an attempt to further interfere with Etereo (NM), either Ling or Nasser "submitted fraudulent Articles of Dissolution to the New Mexico Secretary of State" that stated the company had been dissolved upon written consent of the members having a majority share in the company. Id. ¶ 23. The Articles of Dissolution were then mailed to Ling. Id. ¶ 25. Ling also sent a demand letter to the Producer requesting that it cease production of any tequila for Keller and instead direct production to Ling and Nasser. Id. ¶ 26. Ling also formed a website, www.etereolifestyle.com, and used the Etereo logo, marketing materials prepared by Keller, and photographs and videos either prepared by Keller or depicting him. Id. ¶ 28. Nasser and Ling also posted the logo and photographs on social media. Id. ¶ 32.

**2.     Procedural History**

Plaintiffs brought suit alleging five causes of action: declaratory relief; trademark infringement; false impersonation in violation of California Penal Code § 528.5;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

Intentional Interference with Contractual Relations; and, Unfair Competition in violation of California Business & Professions Code § 17200.  The Declaratory Relief cause of action seeks a declaration providing that "(a) Defendants were not authorized to dissolve [Etereo (NM)]; (b) the Articles of Dissolution submitted by Defendants have no legal effect; and ©) the Certificate of Dissolution issued in reliance on the fraudulent Articles of Dissolution had no legal effect." Id. ¶ 49.

## II. LEGAL STANDARD

On an application for a preliminary injunction, the plaintiff has the burden to establish that  (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).

In the Ninth Circuit, the Winter factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## III. DISCUSSION

At the outset, the Court acknowledges certain evidentiary issues raised by both parties.

"[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings. See, e.g., Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984). The Court is permitted to consider inadmissible evidence in deciding a motion for a preliminary injunction. Id. This flexibility exists because "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination" and makes it difficult for a party to procure supporting evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV21-00302JVS(KESx)              Date    April 22, 2021

Title    Etereo Spirits, LLC et al v. James R. Ling et al

in a form that would be admissible at trial.  Id.  "While district courts may consider inadmissible evidence in the context of a preliminary injunction, this does not mean that evidentiary issues have no relevance to this proceeding.  Such issues, however, properly go to weight rather than admissibility." Am. Hotel & Lodging Ass'n v. City of Los Angeles, 119 F .Supp. 3d 1177, 1185 (C.D. Cal. 2015).

The Court will consider the evidence presented – both in the declarations of the parties and via their exhibits – in light of the aforementioned standard.

**1.    Likelihood of Success on the Merits**

   *I.    Trademark Infringement and Unfair Competition*

To state a claim for trademark infringement, a plaintiff must allege two elements. First, that the plaintiff owns a valid and protectable trademark; and second, that a defendant used, in commerce, a similar mark without authorization in a manner that is likely to cause consumer mistake, confusion, or deception. So. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014); see also Applied Information Sciences Corp. v. eBay, Inc., 511 F.3d 966, 969 (9th Cir. 2007) (same standard for preliminary injunction).

Plaintiffs contend they have satisfied the elements for trademark infringement because they have submitted a certificate of registration from the USPTO, Dkt. No. 13-1 at 9; Keller Decl. ¶ 13 & Ex. F, and have submitted other evidence that because Defendants are using the registered mark itself on their website and other social media, confusion will result, Dkt. No. 13-1 at 9-10.  Even though Keller may have submitted a mockup of the Etereo Logo with the trademark application, that does not render the application fraudulent.  Dkt. No. 25 at 7; Keller Reply Decl. ¶ 15.

In response, Defendants contend that the Plaintiffs' trademark was procured by fraud, and therefore, their claim for trademark infringement fails.  Dkt. No. 24 at 11.  On August 31, 2019, Plaintiffs submitted a trademark application to the USPTO with a date of first use in commerce of August 29, 2019.  Id. at 12.  However, because Etereo (NM) was created only in July 24, 2019, and subsequently, Keller spent several months entering into distribution agreements, advertising the project, and otherwise preparing for a launch in 2021, it was impossible for the mark to actually be in use.  Id. at 12 (citing Dkt. No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

13-1 at 1; Keller Decl. ¶ 35). The trademark was otherwise procured by fraud because Keller fabricated examples of the tequila bottle – examples that did not exist. Id. at 13 (citing Nasser Decl. ¶ 29; Ling Decl. ¶ 26). Plaintiffs are otherwise unlikely to succeed on this claim because Nasser was an owner and partner of Etereo (NM). Id. at 14 (citing Nasser Decl. ¶ 4, 7, Ex. B). Because Nasser was a part owner of Etereo (NM) – and Defendants contend that Keller fabricated documents to the contrary – Plaintiffs' claims that Keller was the sole owner of Etereo (NM) also fail. Id. at 14-15.

To register a trademark, an applicant must show that the mark "is in use in commerce" or that the applicant has a "bona fide intention to use the mark in commerce[.]" 15 U.S.C. § 1051(a)(3)©; 15 U.S.C. § 1051(b)(3)(B). A mark is deemed to be "use in commerce" where (1) "when it is used or displayed in the sale or advertising of services" to customers and (2) "the services are rendered in commerce." Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1204 (9th Cir. 2012) (citing 15 U.S.C. § 1127); Chance v. Pac–Tel Teletrac, Inc., 242 F.3d 1151, 1159 (9th Cir. 2001) (the requirement has two parts: "(1) an element of actual use, and (2) an element of display."). To determine whether the "use in commerce" test has been satisfied, the Ninth Circuit prescribes a "totality of the circumstances approach" turning on "'evidence showing, first, adoption, and second, Use in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind.'"New Est Corp. V. NYM Co. Of Cal., 595 F.2d 1194, 1200 (9th Cir. 1979) (quoting New England Duplicating Co. v. Mendes, 190 F.2d 415, 418 (1st Cir. 1951)).

Here, Plaintiffs assert all rights, title, and interest in the Etereo Logo, Trademark Registration No. 6,023,306. Dkt. No. 1 ¶ 51; Keller Decl. Ex. F. The Mark has a first use date of August 29, 2019, and an in commerce date of the same. Keller Decl. Ex. F. However, Keller's declaration demonstrates that certain questions exist as to whether the mark was either used or displayed in the sale of advertising of services to commerce at the time he filed his application with the USPTO. For example, Keller avers that in 2019 and early 2020, he "was working with an [sic] Mr. Nasser to establish an international component to Etereo Spirit's business." Keller Decl. ¶ 19. He further states that "[i]t is true that no bottles bearing the Etereo Logo were being sold at the time we prepared our trademark application" but that they were "using the logo for fundraising and promotional purposes" and "were in the process of ordering 10,000 bottles bearing the logo." Keller Reply Decl. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

While a federal trademark registration is prima facie evidence of the validity, registration, ownership, and exclusive right to use a mark,  15 U.S.C. § 1057(b), the Court cannot conclude that at this stage, Plaintiffs are likely to succeed on the merits of their claim.  First, certain questions remain as to whether Plaintiffs actually have ownership of the Mark and whether the Mark is valid.   Second, the Court is also unpersuaded that confusion will result, especially given that the Mark has not yet been used in commerce and as such, no consumers could be misled.  See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks.").

> ii.    *False Impersonation*

Under California Penal Code Section 528.5, "any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Web site or by other electronic means for the purposes of harming, intimidating, threatening, or defrauding another person is guilty of a public offense . . .."  Cal. Penal Code § 528.5.  "[A]n impersonation is credible if another person would reasonably believe, or did reasonably believe, that the defendant was or is the person who was impersonated." Id. § 528.5(b).

Plaintiffs contend that they are likely to succeed on the merits because Defendants "have knowingly, and without consent, credibly impersonated Plaintiffs on their website as well as on social media" in part because the website features images of Keller and his family, as well as the Etereo logo.  Dkt. No. 13-1 at 10.  Moreover, the "purpose in creating this website and the related social media pages was unquestionably to harm, intimidate, threaten, or defraud Plaintiffs."  Id.  To the extent that Defendants have received authorization to use certain photographs, that authorization does not apply to images of Keller or his fiancé.  Dkt. No. 25 at 11.

Defendants offer no arguments against Keller's claims, except one passing reference to a declaration by an Instagram model, Vanessa Villani.  In her declaration, Villani averred that she took photos for the brand with Keller and his fiancé, and affirmed that "she consented to allow Nasser and Ling –not Keller– to use her likeness in photographs for the brand." Dkt. No. 24 at 15 (citing Villani Decl. ¶¶ 5-6).  Neither

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

Nasser nor Ling offer any other responses in their declarations, either.  Dkt. No. 24-4, 24-5.

The Court finds that Plaintiffs are likely to succeed on the false impersonation claim as to the photographs of Keller and his fiancé, but not as to the use of the Etereo logo, given the Court's holding above.

First, section 528.5 provides a broad protection against impersonation, and as such, its merely requires some form of impersonation with an alleged purpose to defraud. Calsoft Labs, Inc. v. Panchumarthi, No. 19-CV-04398-NC, 2020 WL 4032461, at *2 (N.D. Cal. June 8, 2020) ("But section 528.5 does not require the putative impersonator to make affirmative representations of identity or any other sort of magic words."). Second, Defendants have failed to demonstrate that they are either (1) not using photographs of Keller or his fiancé or (2) doing so without a purpose to harm, intimidate, or defraud.  See Collier v. Harris, 240 Cal. App. 4th 41, 57 (2015), as modified (Sept. 1, 2015), review denied (Dec. 9, 2015) ("Korpi declares he did not register the domain names and redirect Internet traffic to harm, intimidate, threaten, or defraud anyone. Instead, he declares he engaged in this conduct to increase awareness of the candidates he supported. This evidence creates a question of fact that prevents us from concluding Korpi's conduct violated Penal Code section 528.5 as a matter of law.").

Therefore, to the extent that Defendants have used photographs of Keller or his fiancé on their website, social media, or in other forms, the Court finds that Plaintiffs have made a preliminary showing that they are likely to succeed on the merits on their false impersonation cause of action as it relates to the photographs of Keller and his fiancé only.  In summary, the Court finds that Plaintiffs have not made a preliminary showing that they are likely to succeed regarding the use of the Etereo logo for the reasons discussed above.

### iii.   Intentional Interference with Contractual Relations

A plaintiff alleging intentional interference with an existing contractual relationship must show "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  Quelimane Co. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

Stewart Title Guaranty Co., 19 Cal. 4th 26, 55 (1998) (quoting Pac. Gas & Elec. Co. v. Bear Stearns & Co.), 50 Cal. 3d 1118, 1126 (1990). However, a party to the contract cannot be liable for intentional interference with contractual relations. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503 (1994).

Plaintiffs do not provide much legal argument in support of a preliminary injunction on their cause of action for intentional interference with contractual relations. However, they do cite to Defendants' threats to Plaintiffs' supplier if the supplier refused to renege on its agreement with Plaintiffs, Dkt. No. 13-1 at 9, and that Defendants "submitted fraudulent articles of dissolution to the New Mexico [Secretary of State], misrepresenting [] that they were authorized to act on behalf of [] [Etereo (NM)]." Id. at 11. To the extent that Defendants offer any evidence to the contrary, that evidence can be discounted by the Court as inauthentic, unexecuted, or a draft. Dkt. No. 25 at 13-14.

In response, Defendants presumably claim that this cause of action fails because the "communications, conduct, and evidence" demonstrate that Keller was never the sole member of Etereo (NM). Dkt. No. 24 at 14 (citing Nasser Decl. ¶¶ 4, 7-10, 12-15, 18-22; Ling Decl. ¶¶ 12, 14, 15, 17-20). This is in part because Nasser was an initial owner and partner in Etereo (NM), and any evidence to the contrary is because Keller fabricated operating agreements and other documents. Id. Similarly, Ling also became a part owner, taking a 30% stake. Id. at 15 (citing Nasser Decl. ¶ 17, Ling Decl. ¶ 11).

Here, the Court finds that Plaintiffs are unlikely to succeed on the merits on their intentional interference with contractual relations cause of action.

While they adequately demonstrate the existence of a contract (the Etereo (NM) and Casa Aceves distribution agreement), Defendants' knowledge of the contract (by the virtue of the demand letter sent (see Keller Decl., Ex. I), and intentional acts by the Defendant to interfere with that contract, they have not demonstrated actual breach or disruption of the contract. The Demand Letter even states that "Cassa Aceves now refuses to perform the terms of the Agreement or deal *with Messrs. Ling or Nasser*." Keller Decl. Ex. I (emphasis added); see also Keller Reply Decl. ¶ 21 (referencing transfer confirmations made to its tequila producer spanning from December 2020 to February 2021). Thus, even the Demand Letter demonstrates that Ling and Nasser's conduct has not disrupted the contract or caused Casa Aceves to breach its contract with Keller.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

Moreover, to the extent that any factual disputes exist, e.g., to the validity and/or accuracy of certain distribution agreements, the Court declines to resolve these at the current stage of litigation. Waste and Compliance Mgmt., Inc. v. Stericycle, Inc., No. 17-cv-967-DSM, 2017 WL 4358145, at *6 (S.D. Cal. Oct. 2, 2017) (denying motion for preliminary injunction, "declin[ing] to resolve these factual disputes on such a limited record," and "find[ing] Plaintiff has not demonstrated a likelihood of success on the merits"). From the Court's review of the exhibits and declarations, substantial factual questions exist as to the makeup of the partnership. And should Nasser or Ling be considered partners with Keller, they would also be parties to the distribution agreement with Casa Aceves, and therefore could not be liable for intentional interference with contractual relations as a matter of law. See Applied Equipment, 7 Cal. 4th 503.

Therefore, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits as to their cause of action for intentional interference with contractual relations.

iv.    *Unfair Competition*

Section 17200 of the California Business & Professions Code proscribes unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code § 17200. The legal elements of a claim under the UCL can be derivative of other claims, like trademark infringement. See e.g., Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994) (The elements of California "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act.") (citations omitted);

In its Tentative, the Court noted that the Plaintiffs' cause of action for violation of Section 17200 of the California Business & Professions Code was largely derivative of their other claims. See Dkt. No. 13-1 at 10-11. Plaintiffs addressed this issue in their request for oral argument, arguing that the Tentative did not address Defendants allegedly fraudulent actions in obtaining a certificate of dissolution for Etereo (NM). Dkt. No. 28 at 1-2. Therefore, a basis exists for their UCL claim, not only because of that allegedly fraudulent submission, but also because of Defendants' interference with Plaintiffs' business relationships with Casa Aceves. Id.; see also Dkt. No. 13-1 at 10-11. The false impersonation claim would also provide a basis for the UCL claim, according to Plaintiffs. Dkt. No. 28 at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV21-00302JVS(KESx)                    Date   April 22, 2021

Title      Etereo Spirits, LLC et al v. James R. Ling et al

In their opposition to Plaintiffs' motion, Defendants contend that Keller is unlikely to succeed on the merits because "Keller ignores the fact that he failed to file an update [sic] operating agreement, but more importantly, [he] choses [sic] to ignore the evidence illustrating his completion of some of his obligations as partner . . .." Dkt. No. 24 at 16. They add that Ling and Nasser dissolved Etereo (NM) "because Keller began to act erratically and started to make decisions regarding the [] [company] without consulting his partners." Id. (citing Nasser Decl. ¶ 26).

The Court agrees with Defendants that Plaintiffs have failed to demonstrate that they are likely to succeed on the merits. While the Court acknowledges that Plaintiffs provided a number of bases for their UCL claims, the Court also finds that they are unlikely to succeed on them as well. First, regarding the allegedly fraudulent submission of dissolution documents to the New Mexico Secretary of State, questions of fact related to the makeup of the partnership preclude the Court from finding that the dissolution was actually fraudulent. The same issue prevents a similar finding as to Defendants' interactions with Casa Aceves (and therefore, the associated interference with Plaintiffs' contract with Casa Aceves).

Second, as to Plaintiffs' comments regarding their false impersonation claim, nothing in the two pages of legal argument concerning their UCL claim references how violation of that statute constitutes a basis for the UCL claim. Dkt. No. 28 at 1. Seemingly, for the first time, Plaintiffs argue that "[s]ubmitting fraudulent articles of dissolution for a competitor is a violation of Penal Code § 528.5 if it occurs through 'electronic means.'" Dkt. No. 28 at 3. But their motion for preliminary injunction solely discussed false impersonation via Defendants' website and social media, noting how it included the logo, Mr. Keller, and his fiancé. Dkt. No. 13-1 at 10. The same is true for Plaintiffs' complaint. See Dkt. No. 1 ¶¶ 59-67. The Court is not obligated to divine Plaintiffs' intent in drafting their motion, and Plaintiffs' have otherwise waived this argument by failing to raise it earlier. See e.g. Thompson v. C.I.R., 631 F.2d 642, 649 (9th Cir. 1980) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs."); Von Brimer v. Whirlpool Corp., 536 F.2d 838, 846 (9th Cir. 1976) ("It is not proper for the court to consider new arguments raised in a reply.").

Therefore, the Court finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits as to their UCL claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV21-00302JVS(KESx)                    Date   April 22, 2021

Title       Etereo Spirits, LLC et al v. James R. Ling et al

In summary, as to Plaintiffs' likelihood of success on the merits on all of their
claims, the Court finds that Plaintiff is likely to succeed on the merits only as to the claim
for false impersonation of Keller and his fiancé.

**2.    Irreparable Harm**

A plaintiff seeking a temporary injunction must show more than the "possibility"
of irreparable injury; he must demonstrate that irreparable injury is "likely" in the
absence of preliminary relief. Winter, 555 U.S. at 22.

Plaintiffs contend that irreparable harm may be presumed given Defendants'
trademark infringement.  Dkt. No. 13-1 at 11 (citing Herb Reed enterprises, LLC v. Fla.
Entm't Mgmt., Inc., 736 F.3d 1239, 1250 (9th Cir. 2013)).  Moreover, irreparable harm is
likely because "Defendants are actively trying to steal Plaintiffs' identity, using
everything from the logo that Plaintiffs trademarked to images of the Individual Plaintiff
and his fiancé on the website." Id. at 12.  These attempts have also had detrimental
effects on Keller's business.  Id.  For example, Keller has been unable to bring new
investors into his project.  Keller Decl. ¶¶ 35-37.  Real confusion as to the ownership of
the Mark exists because, for example, social media companies have confused the two
companies.  Dkt. No. 25 at 15.  In their request for a hearing, they add that Defendants'
other conduct has caused Plaintiffs to lose control over their business reputation.  Dkt.
No. 28 at 4.

In response, Defendants contend that Plaintiffs have failed to demonstrate an
irreparable injury.  Plaintiffs have not offered any evidence that Defendants' use of the
Mark is causing confusing, mistake, and deception, and they cannot do so because they
have not even used the Mark in commerce.  Dkt. No. 24 at 17.  To the extent, that
Plaintiffs contend they have been unable to find new investors, those claims are also
unsupported by evidence.  Id. at 18.

An unauthorized use of a protected mark during the pendency of an infringement
action can constitute irreparable harm. Kalologie Franchising LLC v. Kalologie Skincare
Med. Grp. of California, No. CV 14-00016 DDP VBKX, 2014 WL 953442, at *5 (C.D.
Cal. Mar. 11, 2014); Robinson v. Delicious Vinyl Records Inc., No. CV 13-4111-CAS
PLAx, 2013 WL 3983014, at *7 (C.D. Cal. Aug. 1, 2013) ("Courts have repeatedly found
that losing control of one's reputation and good will in the marketplace supports the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

issuance of an injunction."). So is "[t]he threat of being driven out of business." American Passage Media Corp. v. Cass Communications, Inc., 750 F.2d 1470, 1474 (9th Cir.1985).

However, a court may not presume irreparable harm in the context of infringement actions – some showing of irreparable harm is still necessary. eBay Inc. v. MercExchange, L.L.C. , 547 U.S. 388 (2006); Robert Bosch LLC v. Pylon Manufacturing Corp., 659 F.3d 1142, 1149 (Fed. Cir. 2011) (noting that nonetheless and despite eBay, "it does not follow that courts should entirely ignore the fundamental nature of patents as property rights granting the owner the right to exclude."). Therefore, Plaintiffs have failed to demonstrate a likelihood of success on the merits as to their trademark infringement claim and as to consumer confusion, as discussed above. Because Plaintiffs have failed to do so, they have also failed to demonstrate an irreparable harm, and are otherwise not entitled to any presumption concerning the same.

Moreover, a movant "must establish a likelihood of irreparable harm that is grounded in evidence, not in conclusory or speculative allegations of harm." Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1133 (9th Cir. 2014). While Keller avers in his declaration that Instagram has confused the two entities, Keller Decl. ¶ 37, as have other potential investors, he provides no evidence to substantiate those claims other than his own declarations. Moreover, to the extent that Plaintiffs cite non-conclusory harms, those harms have already been suffered and may be resolved by litigation. See e.g., Keller Reply Decl. ¶ 21 (discussing funds Keller has paid to Casa Aceves, its producer).

In summary, any harm Keller claims is either a past harm (and therefore resolvable by litigation absent a preliminary injunction) or alleged in a conclusory fashion. Keller also has failed to provide any legal argument concerning the irreparable harm he has suffered from Defendants' use of photographs depicting him and his fiancé on his website. See Dkt. Nos. 13-1 and 25. And while he argues that Defendants' violation of § 528.5 causes irreparable harm for the first time in his request for a hearing, that argument is untimely and therefore waived. See Dkt. No. 28 at 5.

Therefore, the Court finds that Keller has not demonstrated that he is likely to suffer an irreparable harm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV21-00302JVS(KESx) | Date | April 22, 2021 |
|---|---|---|---|

| Title | Etereo Spirits, LLC et al v. James R. Ling et al |
|---|---|

## 3.    Balance of Equities

A party seeking injunctive relief "must establish ... that the balance of equities tips in his favor." Winter, 555 U.S. at 20.  In assessing whether a party has met this burden, the district court has a "duty . . .  to balance the interests of all parties and weigh the damage to each."  L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1203 (9th Cir.1980).

Plaintiffs contend the balance of equities tip in their favor because "the evidence shows that defendant's trademark infringement is causing actual confusion."  Dkt. No. 13-1 at 13 (citing FAZE Apparel, LLC v. Faze Clan, Inc., 2018 WL 3830027, at *8 (C.D. Cal. May 22, 2018)).  Moreover, the "weight of the evidence indicates that Keller was the moving force behind the creation of [] [Etereo (NM)] and the Etereo Spirits venture more generally" and "[a]llowing Defendants to steal the company Keller created would be manifestly inequitable and contrary to the public interest."  Dkt. No. 25 at 15-16.

In response, Defendants contend that the Lanham Act's purposes do not provide support for tipping the balance of equities in Plaintiffs' favor, especially given that they do not have any trademark rights to assert and there has been no showing of consumer confusion. Dkt. No. 24 at 18.  To the extent that Plaintiffs' rely on investor confusion, those claims are conclusory as well.  Id. at 18-19.

Both parties state valid claims concerning the balance of equities, and based on the record, the Court does not find that the balance of equities tips in either parties' favor.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb |  |