REID E. DAMMANN, SBN: 249031
rdammann@grsm.com
JULIANA C. FERRAZ, SBN: 293851
jferraz@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
JAMES R. LING and ETEREO SPIRITS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETEREO SPIRITS, LLC, a New Mexico limited liability company, and ARTHUR KELLER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES R. LING, an individual, and ETEREO SPIRITS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 8:21-cv-00302-JVS-KES<br><br>**DEFENDANTS JAMES R. LING AND ETEREO SPIRITS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>**Date:** June 7, 2021<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. James V. Selna<br>**Ctrm:** 10c<br><br>Presiding Judge:<br>Honorable James V. Selna |

TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 7, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the United States District Court for the Central District of California, Southern Division, located at Ronald Reagan Federal Building, 411 West 4th Street, Santa Ana, CA, 92701,

-1-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**

before the Honorable James V. Selna, Defendants JAMES R. LING and ETEREO SPIRITS, LLC, a California limited liability company, (collectively referred to as "Defendants") will and hereby do, move for a Motion to Dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Hamade Nasser and Reid Dammann filed concurrently herewith, the record for this action, and such other oral and documentary evidence and argument that may be presented at or by the hearing on this Motion.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on April 26, 2021.

Dated:  May 17, 2021                    GORDON & REES LLP


By: */s/ Reid E. Dammann*
Reid E. Dammann
Juliana C. Ferraz
Attorneys for Defendants
JAMES R. LING and ETEREO
SPIRITS, LLC, a California
limited liability company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ETEREO SPIRITS, LLC, a New Mexico ("NMLLC") limited liability company, and ARTHUR KELLER (collectively, "Plaintiffs") have filed a complaint asserting Declaratory Relief under 28 USC §2201 and Fed R. Civ. Proc. 57, Trademark Infringement under Lanham Act, 35 U.S.C. §§1051 et seq. and 15 U.S.C. § 1114(1), False Impersonation on the internet under Cal. Penal Code §528.5, Intentional Interference with contractual relations, and Unfair competition under California Business and Professions Code §17200 ("Complaint").

Defendants James R. Ling ("Ling") and ETEREO SPIRITS, LLC, a California limited liability company ("CALLC") (collectively "Defendants") move the Court to dismiss all of the claims asserted in the Complaint filed by Plaintiffs under Federal Rule of Civil Procedure 12(b)(6) because none of Plaintiffs' causes of action have support in fact or in law.

Plaintiffs' Declaratory Relief claim under 28 USC §2201 fails to satisfy the particularity requirement under the Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 9(b). Specifically, this cause of action lacks detail as to the falsity, including the 'who, what, when, where, and how of the misconduct charged, as well as the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation; providing no notice. The Plaintiffs apparently hope to discover misconduct by one or both of the Defendants during the course of litigation. This situation presents precisely the fishing expedition that Rule 9(b) seeks to prevent, thus Plaintiffs' claim must be dismissed.

Plaintiffs assert ownership and rights to United States Trademark Registration No. 6,023,306 (the "Mark"), however, as the Court found, and as already been admitted by Mr. Keller, "no bottles bearing the Etereo Logo were being sold at the time we prepared our trademark application." Thus, Plaintiffs'

have no "use in commerce" and as a result, no trademark rights to assert. Plaintiffs' trademark cause of action must also be dismissed.

Plaintiffs' complaint fails to meet the minimum requirement for pleading a claim for false impersonation under Cal. Penal Code §528.5. Notwithstanding the fact that Ling and Hamade Nasser ("Nasser") were members of the NMLLC, and entitled to dissolve it, Defendants never posted any image of Keller on any of Defendants' websites or social media.  The only time Keller appeared on the Defendants' social media (Instagram @etereolifestyle) is in a video, for less than a second at the end of the video. This video was located at the bottom of the Etereo Instagram page amongst one-hundred and twenty-two (122) other posts with other content. The potential viewer would have to scroll down the page to even see the video. Further, the video does not make any references to Keller or promote him. Furthermore, the video was edited on May 13, 2021 to delete Keller from it. (Nasser Decl. iso Motion to Dismiss ¶7)

Moreover, Plaintiffs' attempt to connect images of Keller's fiancée on Defendants' social media with impersonation of Plaintiffs fails not only because Plaintiffs lack standing to assert Keller's fiancée's rights, but also because no person would reasonably believe that Keller's fiancée, who appeared in the background with others in the forefront, in two (2) images, out of the same one-hundred and twenty-two (122) images posted to Defendants' social media, would think that Plaintiffs are being impersonated; which is basically impersonation through a third party. Any result to the contrary would turn Cal. Penal Code §528.5 on its head.

Plaintiffs' cause of action for intentional interference with contractual relations must fail because, as found by the Court, the contract with Casa Aceves was never disrupted; a necessary element of the causation of action. The demand letter from Casa Aceves submitted by Plaintiffs, proves that Casa Aceves intended

not to do business with *Messrs. Ling or Nasser*, and therefore, a breach did not occur. The Court reached the same conclusion in its decision in its Tentative, denying Plaintiffs' Motion for Preliminary Injunction.

Finally, Plaintiffs' Unfair competition under California Business and Professions Code §17200 should also be dismissed. In their Request for Oral Argument, Plaintiffs argued a series of other actions that Defendants allegedly committed, violated § 17200, but as shown below, each of the grounds asserted by Plaintiffs fail separately, and as a basis for § 17200.

## II.   LEGAL STANDARDS TO DISMISS UNDER RULE 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. See, e.g., *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). The "facial plausibility" standard requires a plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Whereas courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. As explained by the Ninth Circuit, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "[w]here a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) may be based either "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (emphasis added). Although generally a Court will not look outside the pleadings on a motion to dismiss, when a plaintiff relies on the substance of actual documents or written communications and fails to attach such documents to its Complaint, a defendant may attach the documents and publications in question to its Fed. R. Civ. P. 12(b)(6) motion and the Court may consider the full text of the document to which the Complaint refers. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In fact, a district court may disregard allegations in the Complaint if those allegations are contradicted by facts established by reference to documents. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Durning v. First Boston Corp.*, 815 F.2d 126 (9th Cir. 1987). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004). Rule 12(d) expressly provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

### III. ARGUMENT

#### A. **Plaintiffs Failed To State a Claim for Declaratory Relief**

Plaintiffs seek a declaratory judgment providing that a) Defendants were not authorized to dissolve the NMLLC; b) the articles of dissolution submitted

by the Defendants have no legal effect; and c) the Certificate of Dissolution issued in reliance on the fraudulent Articles or Dissolution had no legal effect. Besides Plaintiffs misrepresentations and conclusory arguments, Plaintiffs have provided no other information regarding under what theory they are seeking that supports this cause of action.

Fed. R. Civ. P. 9(b) requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As explained in William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 8-B "General Pleading Requirements" (2021 ed.), the particularity is <u>not just for cases where the action is labeled fraud</u>, but also where it alleges fraudulent conduct. In these circumstances there cannot be conclusions, but rather, it must state specific facts. It states:

> "[8:158] **Allegations or claims:** By its terms, Rule 9(b) applies to *allegations* of fraud, not just claims of fraud. [*Borsellino v. Goldman Sachs Group, Inc.* (7th Cir. 2007) 477 F3d 502, 507; Thus, Rule 9(b)'s particularity requirement applies to claims alleging a "unified course of *fraudulent conduct*," even if fraud is *not* the basis of plaintiff's claim. [*Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F3d 1120, 1125–1126—FRCP 9(b) applied to allegations of fraudulent conduct in claims under state consumer protection statutes; *Borsellino v. Goldman Sachs Group, Inc.*, supra, 477 F3d at 507— claims of tortious interference with economic advantage and fiduciary relationship were "grounded in fraud"]"

William Schwarzer et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 8:158 (2021 ed.)

The Ninth Circuit in *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) made clear that: a plaintiff set forth what is false or misleading about a statement, why it is false, including the 'who, what, when, where, and how of the misconduct charged. The complaint must include an account of the "time, place and specific content of the false representations as well as the identities of

the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Here, Plaintiffs allege "[a]n actual controversy exists as to whether Defendants were authorized to submit Articles of Dissolution for the NMLLC (Complaint ¶46)," but nothing more, leaving Defendants to speculate on each of their roles, if any, in the alleged misconduct. See *Neubronner v. Milken*, 6 F.3d 666,672 (9th Cir. 1993) (fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") Plaintiffs' allegations lack the who, when, and how the dissolution of the NMLLC was fraudulent. Specifics escape Plaintiffs, because there was no fraud, because the dissolution was accomplished by majority members (Ling and Nasser) who had powers to dissolve the company. [Ling Decl. ¶¶3-11(Dkt. No.24-5); Nasser Decl. ¶¶3 (Dkt. No.24-4)] Thus, Plaintiffs' claim does not have facial plausibility and must be dismissed.

### B. Plaintiffs Failed to State a Claim for Trademark Infringement

To state a claim for trademark infringement, a plaintiff must allege two elements. First, that plaintiff owns a valid and protectable trademark; and second, that a defendant used, in commerce, a similar mark without authorization in a manner that is likely to cause consumer mistake, confusion, or deception. *So. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014); see also *Applied Information Sciences Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). Further, the test for likelihood of confusion, and hence trademark infringement, is whether reasonably prudent consumer in marketplace is likely to be confused as to origin of good or service bearing asserted or accused mark. *M2 Software, Inc., a Delaware corporation v. Madacy Ent., a corporation*, 421 F.3d 1073 (9th Cir. 2005)

-8-
**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT PER FRCP 12(b)(6)**

Here, as well understood by this Court in its decision denying Plaintiffs' motion for a preliminary injunction, "Plaintiffs assert all rights, title, and interest in the ETEREO logo. Trademark Registration No. 6,023,306. Dkt. No. ¶ 51; Keller Decl. Ex. F. The Mark has a first use date of August 29, 2019, and in commerce date of the same. Keller Decl. Ex. F. However, Keller's declaration demonstrates that certain questions exist as to whether the mark was either used or displayed in the sale of advertising services to commerce at the time he filed his application with the USPTO. For example, Keller avers that in 2019 and early 2020, he "was working with an [sic] Mr. Nasser to establish an international component to Etereo Spirit's business." Keller Decl. ¶19. He further states that "[i]t is true that no bottles bearing the Etereo Logo were being sold at the time we prepared our trademark application" but that they were "using the logo for fundraising and promotional purposes" and "were in the process of ordering 10,000 bottles bearing the logo." Keller Reply Decl. ¶16. (Dkt no. 29)

Keller admitted that Plaintiffs have not *used* the Mark in commerce, and thus, have not generated trademark rights in the Mark to have standing to bring such a cause of action. As a result, there cannot be any likelihood of confusion, confusion, mistake, or deception. Absent such likelihood of confusion, confusion, mistake, or deception, Plaintiffs' claim for trademark infringement should be dismissed.

### C. Plaintiffs Failed to State a Claim for False Impersonation on the Internet under Cal. Penal Code §528.5

Plaintiffs' complaint fails to meet the minimum requirement for pleading a claim for false impersonation under Cal. Penal Code § 528.5. Under California Penal Code § 528.5, "any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Website or by other electronic means for the purposes of harming, intimidating, threatening, or defrauding another person is guilty of a public offense . . .." Cal. Penal Code §

528.5. "[A]n impersonation is credible if another person would reasonably believe, or did reasonably believe, that the defendant was or is the person who was impersonated." *Id.* § 528.5(b)

Here, Plaintiffs claim that Defendants have impersonated the NMLLC and/or Mr. Keller on the website www.etereolifestyle.com, as well as on social media with the intent to harm, intimidate, threaten, or defraud (Complaint ¶¶ 65, 66). Plaintiffs further allege that Defendants falsely impersonated Plaintiffs in communications with the New Mexico Secretary of State. (Complaint ¶77)

As explained above, Defendants could not have falsely impersonated the NMLLC when he was in fact a member of the NMLLC, along with Keller and Nasser. And as stated above, as majority members, Ling and Nasser were entitled to dissolve it. [Ling Decl. ¶¶3-11 (Dkt. No.24-5); Nasser Decl. ¶¶3 (Dkt. No.24-4)] Further, Plaintiffs failed to allege sufficient supporting facts that Defendants ever published or posted anything indicating that they were the NMLLC, or ever made any references that they were the NMLLC, but even if they did, Ling was a member of the NMLLC and was entitled to do it. Notably, Plaintiffs failed to plead any photos or reference to Keller on any of Defendants website or social media. Furthermore, Plaintiffs have no standing to any claims regarding photos of his fiancé, given that she is not a party in this lawsuit.

However, the above conclusion does not change even if Ling is found not to be a member of the NMLLC. Here, given the allegations and evidence presented by Plaintiffs, no person would reasonably believe that that Keller or the NMLLC were impersonated. *Id.* § 528.5(b). Any belief is *unreasonable*, given that no image of Keller was ever posted on any social media account by Defendants. (Nasser Decl. iso Motion to Dismiss ¶3) To the extent Plaintiffs are making the argument that an image of Keller's fiancée is essentially same as an image of Keller, Keller's fiancée appeared in the background with others in the forefront, in three (3)

-10-
**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT PER FRCP 12(b)(6)**

images, out of one-hundred and twenty-two (122) images posted to Defendants' Instagram page. (Nasser Decl. iso Motion to Dismiss ¶4) Keller's fiancée also appeared for thirty-five (35) seconds in a one-minute and fifty second (1:50) video on Defendants Instagram page. (Nasser Decl. iso Motion to Dismiss ¶5) This particular video has been seen fifty-five (55) times. (Nasser Decl. iso Motion to Dismiss ¶6) Thus, no reasonable person would make the connection between Keller's fiancée and Keller, and reasonably believe that Defendants are impersonating Keller through images of Keller's fiancée, given the limited use in comparison to the content on Defendants' entire website and social media.

For those reasons, Plaintiffs allegations cannot provide basis for Plaintiffs' claims for false impersonation under Cal. Penal Code § 528.5 or separately to support any other cause of action.

### D. Plaintiffs Failed to State a Claim for Intentional Interference with Contractual relations

Plaintiffs have failed to plead plausible facts for a cognizable cause of action for Intentional Interference with Contractual Relations. To sustain a viable cause of action for intentional interference with contractual relations or intentional interference with prospective economic advantage, a plaintiff must plead: (1) a valid and existing contract, or an economic relationship likely to produce a future economic benefit; (2) defendant's knowledge of that contract or relationship; (3) defendant's intentional acts intended or designed to disrupt the contractual or economically advantageous relationship; (4) actual disruption of the relationship, and resulting damages. *Ramona Manor Convalescent Hospital v. Care Enterprises*, 225 Cal. Rptr. 120 (1986).

Here, Plaintiffs allege that Defendants have interfered with their contract with Casa Aceves, however, a party to the contract cannot be liable for intentional interference with contractual relations. *Applied Equipment Corp. v. Litton Saudi*

-11-
**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT PER FRCP 12(b)(6)**

*Arabia Ltd.*, 7 Cal. 4th 503 (1994). On August 23, 2019, NMLLC, through Keller and Nasser, entered into a manufacturing agreement with Tequilas Rancho Viejo SA de CV d/b/a Casa Aceves, with its registered office at Matamoros 448, Plaza Los Altos Local D2 | Tepatitlán de Morelos, Jalisco. Mexico. (Nasser Decl., 12, Ex. E.) The manufacturing agreement identified both Keller and Nasser as members of the NMLLC. *Id.*

Further, even if Defendants were not parties to the contract with Tequilas Rancho Viejo SA de CV d/b/a Casa Aceves, Plaintiffs failed to demonstrate actual breach or disruption of the contract. In fact, Plaintiffs produced evidence that Casa Aceves *refused* to perform the terms of the Agreement with Ling or Nasser (See Plaintiffs' Motion for Preliminary Injunction - Keller Decl. to Ex. I). The Court agreed in its decision stating that while a contract existed, Plaintiffs did not demonstrate actual breach or disruption of the contract. (Dkt. No. 29; 8:5) ("the Demand Letter even states that 'Cassa Aceves now refuses to perform the terms of the Agreement or deal *with Messrs. Ling or Nasser*'"). Accordingly, Plaintiffs' claim for intentional interference with contractual relations should be dismissed.

### E. Plaintiffs failed to State a Claim under Business and Professions Code §17200

Under California Business and Professions Code §17200, Unfair Business Practices, determining "whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm of the alleged victim." *Berryman v. Merit Property Management*, 152 Cal.App.4th 1544, 1555 (Cal.App.4 Dist., 2007). The burden is on the plaintiff to demonstrate why the defendant was not permitted to act in manner complained of. *Id.* Further, the legal elements of a claim under the UCL can be derivative of claims, like trademark infringement. *See e.g., Cleary v. News Corp.*, 30 F.3d 1255, 1262–63

-12-

**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT PER FRCP 12(b)(6)**

(9th Cir. 1994) (The elements of California "state common law claims of unfair competition and actions pursuant to California Business and Professions Code §17200 are 'substantially congruent' to claims made under the Lanham Act.") (citations omitted)

Here, Plaintiffs' claim regarding the Unfair Business Practices are based on the allegations that 1) Defendants infringed upon Plaintiffs' trademark; 2) Defendants submitted fraudulent articles of Dissolution to the New Mexico Secretary of State; and 3) Defendants falsely impersonated Plaintiffs on their website and social media, as well as in communications with the New Mexico Secretary of State. Each of these grounds fail separately as argued above, and as a basis for § 17200.

As discussed above, Plaintiffs' fraud allegations lack the requisite specificity for claim to survive a motion to dismiss under FRCP 12(b)(6). The mere "formulaic recitation of the elements of a cause of action" demonstrates an "absence of sufficient facts alleged under a cognizable legal theory" contrary to the pleading requirements under *Twombly*, 127 S. Ct. 1955 (2007), and *Balistreri*, 901 F.2d 696 (9th Cir.1990).

Further, in its decision adopting the tentative ruling denying Plaintiffs' Motion for Preliminary Injunction, the Court noted that Plaintiffs' cause of action for violation of §17200 of the California Business & Professions Code was largely derivative of their other claims. (Dkt. No. 29:3-4). In their Request for Oral Argument, Plaintiffs attempted to argue that Defendants allegedly fraudulent actions in obtaining a certificate of dissolution for Etereo (NM) (Dkt. No. 28 at 1-2); Defendants' interference with Plaintiffs' business relationships with Casa Aceves *Id.*; see also (Dkt. No. 13-1 at 10-11); and Plaintiffs' false impersonation claim (Dkt. No. 28 at 2-3), formed a basis for their cause of action under California Business and Professions Code §17200 (Dkt. No. 29; 9:4), but the Court dispensed with those notions and noted that Plaintiffs' did not allege any facts that

-13-
**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND CAUSE OF ACTION OF PLAINTIFFS' COMPLAINT PER FRCP 12(b)(6)**

1  suggested any fraudulent submission of dissolution documents; fraudulent
2  dissolution or that Defendants' interactions with Casa Aceves actually interfered
3  with Plaintiffs' contract with Casa Aceves. (Dkt. No. 29; 10: 2-3) Thus, Plaintiffs'
4  claim under California Business and Professions Code § 17200 should be
5  dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, all of Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be grated.

Dated: May 17, 2021                    GORDON & REES LLP

                                       By: */s/ Reid E. Dammann*
                                           Reid E. Dammann
                                           Juliana C. Ferraz
                                           Attorneys for Defendants
                                           JAMES R. LING and ETEREO
                                           SPIRITS, LLC, a California
                                           limited liability company