1  REID E. DAMMANN, SBN: 249031
   rdammann@grsm.com
2  JULIANA C. FERRAZ, SBN: 293851
   jferraz@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
4  Los Angeles, CA 90071
   Telephone: (213) 576-5000
5  Facsimile:  (213) 680-4470

6  Attorneys for Defendants
   JAMES R. LING and ETEREO SPIRITS, LLC
7

8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| ETEREO SPIRITS, LLC, a New Mexico limited liability company, ARTHUR KELLER, an individual, and LOUISA TAADOU, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES R. LING, an individual, and ETEREO SPIRITS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 8:21-cv-00302-JVS-KES<br><br>**DEFENDANTS JAMES R. LING AND ETEREO SPIRITS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>**Date:** July 26, 2021<br>**Time:** 1:30 p.m.<br>**Judge:** Hon. James V. Selna<br>**Ctrm:** 10c<br><br>Presiding Judge:<br>Honorable James V. Selna |

23  TO THE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

24       PLEASE TAKE NOTICE that on July 26, 2021 at 1:30 p.m., or as soon

25  thereafter as the matter may be heard in Courtroom 10C of the United States

26  District Court for the Central District of California, Southern Division, located at

27  Ronald Reagan Federal Building, 411 West 4th Street, Santa Ana, CA, 92701,

28

-1-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

before the Honorable James V. Selna, Defendants JAMES R. LING and ETEREO SPIRITS, LLC, a California limited liability company, (collectively referred to as "Defendants") will and hereby do, move for a Motion to Dismiss Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of James R. Ling and Juliana C. Ferraz filed concurrently herewith, the record for this action, and such other oral and documentary evidence and argument that may be presented at or by the hearing on this Motion.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on June 14-15, 2021.

Dated: June 21, 2021     GORDON & REES LLP

By: */s/ Reid E. Dammann*
Reid E. Dammann
Juliana C. Ferraz
Attorneys for Defendants
JAMES R. LING and ETEREO
SPIRITS, LLC, a California
limited liability company

-2-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs ETEREO SPIRITS, LLC, a New Mexico ("NMLLC") limited liability company, ARTHUR KELLER, and LOUISA TAADOU (collectively, "Plaintiffs") have filed their First Amended Complaint asserting Declaratory Relief under 28 USC §2201 and Fed R. Civ. Proc. 57, False Impersonation on the internet under Cal. Penal Code §528.5, Intentional Interference with contractual relations, Unfair competition under California Business and Professions Code §17200, and Copyright Infringement in Violation of 17 U.S.C. § 101, et seq. ("Complaint").

Defendants James R. Ling ("Ling") and ETEREO SPIRITS, LLC, a California limited liability company ("CALLC") (collectively "Defendants") move the Court to dismiss all of the claims asserted in the Complaint filed by Plaintiffs under Federal Rule of Civil Procedure 12(b)(6) because none of Plaintiffs' causes of action have support in fact or in law.

Plaintiffs' Declaratory Relief claim under 28 USC §2201 fails to satisfy the particularity requirement under the Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 9(b). Specifically, this cause of action lacks detail as to the falsity, including the 'who, what, when, where, and how of the misconduct charged, as well as the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation; providing no notice. The Plaintiffs apparently hope to discover misconduct by one or both of the Defendants during the course of litigation. This situation presents precisely the fishing expedition that Rule 9(b) seeks to prevent, thus Plaintiffs' claim must be dismissed.

Plaintiffs' complaint fails to meet the minimum requirement for pleading a claim for false impersonation under Cal. Penal Code §528.5. Notwithstanding the fact that Ling and Hamade Nasser ("Nasser") were members of the NMLLC, and entitled to dissolve it, Defendants never posted any image of Keller on any of

-3-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Defendants' websites or social media. The only time Keller appeared on the Defendants' social media (Instagram @etereolifestyle) is in a video, for less than a second at the end of the video. This video was located at the bottom of the Etereo Instagram page amongst one-hundred and twenty-two (122) other posts with other content. The potential viewer would have to scroll down the page to even see the video. Further, the video does not make any references to Keller or promote him. Furthermore, the video was edited on May 13, 2021 to delete Keller from it. (Nasser Decl. iso Motion to Dismiss Complaint ¶7)

Moreover, Plaintiffs' attempt to connect images of Louisa Taadou with impersonation of the other Plaintiffs fails because no person would reasonably believe that Taadou, who appeared in the background with others in the forefront, in two (2) images, out of the same one-hundred and twenty-two (122) images posted to Defendants' social media, would think that Plaintiffs are being impersonated. Any result to the contrary would turn Cal. Penal Code §528.5 on its head.

Plaintiffs' cause of action for intentional interference with contractual relations must fail because, as found by the Court, the contract with Casa Aceves was never disrupted; a necessary element of the causation of action. The demand letter from Casa Aceves submitted by Plaintiffs, proves that Casa Aceves intended not to do business with *Messrs. Ling or Nasser*, and therefore, a breach did not occur. The Court reached the same conclusion in its decision in its order, denying Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs' Unfair competition under California Business and Professions Code §17200 should also be dismissed. In their Request for Oral Argument, Plaintiffs argued a series of other actions that Defendants allegedly committed, violated § 17200, but as shown below, each of the grounds asserted by Plaintiffs fail separately, and as a basis for § 17200.

Finally, Plaintiffs assert ownership and rights to thirty (30) video clips, five hundred and seventy (570) photographs, three unique bottle designs to house Etereo tequila branded tequila, six original designs to be included on stcikers *(sic)* affixed to the tequila bottles, two additional videos showcasing the Etereo concept, and written copy and design elements for brand presentation to be included on the band's Internet website, claiming that Keller is the author and their sole rights holder. Plaintiffs allege that the thirty (30) video clips and five hundred and seventy (570) photographs have been registered with the United States Copyright Office. However, Plaintiffs failed to provide any other information, including which specific photograph, video or other work they allege Defendants infringed upon. Plaintiffs also failed to state by what acts during what time Defendants infringed their alleged copyright. Further, Plaintiffs failed to provide the copyright registration number or any other information regarding their alleged infringed work. As a result, Plaintiffs' copyright cause of action must also be dismissed.

## II.     LEGAL STANDARDS TO DISMISS UNDER RULE 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. See, e.g., *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). The "facial plausibility" standard requires a plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Whereas courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to

-5-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. As explained by the Ninth Circuit, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) may be based either "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (emphasis added). Although generally a Court will not look outside the pleadings on a motion to dismiss, when a plaintiff relies on the substance of actual documents or written communications and fails to attach such documents to its Complaint, a defendant may attach the documents and publications in question to its Fed. R. Civ. P. 12(b)(6) motion and the Court may consider the full text of the document to which the Complaint refers. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In fact, a district court may disregard allegations in the Complaint if those allegations are contradicted by facts established by reference to documents. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Durning v. First Boston Corp.*, 815 F.2d 126 (9th Cir. 1987). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004). Rule 12(d) expressly provides that when "matters

outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

## III. ARGUMENT

### A. Plaintiffs Failed To State a Claim for Declaratory Relief

Plaintiffs seek a declaratory judgment providing that a) Mr. Ling never acquired an equity interest in the NM LLC; (b) Defendants were not authorized to dissolve the NM LLC; (c) the Articles of Dissolution submitted for the NM LLC have no legal effect; and (d) the Certificate of Dissolution issued in reliance on the fraudulent Articles of Dissolution had no legal effect.

Besides Plaintiffs misrepresentations and conclusory arguments, Plaintiffs have provided no other information regarding under what theory they are seeking that supports this cause of action. Plaintiffs argue that Ling's only involvement in the NM LLC was to transfer approximately $115,000 for the company's use, and that him filing a lawsuit in the Orange County Superior Court, seeking to enforce a promissory note in the amount of $115,000 listing Keller as a "Borrower" and Ling as a "Lender" supports their contention. (FAC ¶47). However, as a managing member of the NMLLC, Ling made a contribution to the company's capital. Keller personally guaranteed that he would repay Ling's capital contribution even if the business failed; that was the point of the promissory note. (Ling's Decl. ISO Motion to Dismiss FAC ¶3) Further, the money was giving in September and October of 2019, and the promissory note has a date of October 2020. Plaintiffs' nonsensical contention that Ling transferred money to the company without any security or loan agreement in violation of the statute of frauds for an entire year, without any loan terms or repayment plan should not be accepted as the basis of his cause of action.

///

///

-7-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Furthermore, Plaintiffs' contention based on the New Mexico Statute of Frauds makes no sense. Here, Defendants are not trying to enforce any contract in this lawsuit.

Fed. R. Civ. P. 9(b) requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As explained in William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 8-B "General Pleading Requirements" (2021 ed.), the particularity is <u>not just for cases where the action is labeled fraud</u>, but also where it alleges fraudulent conduct. In these circumstances there cannot be conclusions, but rather, it must state specific facts. It states:

> "[8:158] **Allegations or claims:** By its terms, Rule 9(b) applies to *allegations* of fraud, not just claims of fraud. [*Borsellino v. Goldman Sachs Group, Inc.* (7th Cir. 2007) 477 F3d 502, 507; Thus, Rule 9(b)'s particularity requirement applies to claims alleging a "unified course of *fraudulent conduct*," even if fraud is *not* the basis of plaintiff's claim. [*Kearns v. Ford Motor Co.* (9th Cir. 2009) 567 F3d 1120, 1125–1126—FRCP 9(b) applied to allegations of fraudulent conduct in claims under state consumer protection statutes; *Borsellino v. Goldman Sachs Group, Inc.*, supra, 477 F3d at 507—claims of tortious interference with economic advantage and fiduciary relationship were "grounded in fraud"]"

William Schwarzer et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 8:158 (2021 ed.)

The Ninth Circuit in *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) made clear that: a plaintiff set forth what is false or misleading about a statement, why it is false, including the 'who, what, when, where, and how of the misconduct charged. The complaint must include an account of the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Here, Plaintiffs allege "[a]n actual controversy exists as to whether Defendants were authorized to submit Articles of Dissolution for the NMLLC (FAC ¶46)," but nothing more, leaving Defendants to speculate on each of their roles, if any, in the alleged misconduct. See *Neubronner v. Milken*, 6 F.3d 666,672 (9th Cir. 1993) (fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") Plaintiffs' allegations lack the who, when, and how the dissolution of the NM LLC was fraudulent. Specifics escape Plaintiffs, because there was no fraud, because the dissolution was accomplished by majority members (Ling and Nasser) who had powers to dissolve the company. [Ling Decl. ¶¶3-11(Dkt. No.24-5); Nasser Decl. ¶¶3 (Dkt. No.24-4)] Thus, Plaintiffs' claim does not have facial plausibility and must be dismissed.

### B. Plaintiffs Failed to State a Claim for False Impersonation on the Internet under Cal. Penal Code §528.5

Plaintiffs' FAC fails to meet the minimum requirement for pleading a claim for false impersonation under Cal. Penal Code § 528.5. Under California Penal Code § 528.5, "any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Website or by other electronic means for the purposes of harming, intimidating, threatening, or defrauding another person is guilty of a public offense . . .." Cal. Penal Code § 528.5. "[A]n impersonation is credible if another person would reasonably believe, or did reasonably believe, that the defendant was or is the person who was impersonated." *Id.* § 528.5(b)

Here, Plaintiffs claim that Defendants have impersonated the NMLLC, Mr. Keller, and Ms. Taadou on the website www.etereolifestyle.com, as well as on social media with the intent to harm, intimidate, threaten, or defraud (FAC ¶¶ 59,

60). Plaintiffs further allege that Defendants falsely impersonated Plaintiffs in communications with the New Mexico Secretary of State. (FAC ¶75)

As explained above, Defendant could not have falsely impersonated the NMLLC when he was in fact a member of the NMLLC, along with Keller and Nasser. And as stated above, as majority members, Ling and Nasser were entitled to dissolve it. [Ling Decl. ¶¶3-11 (Dkt. No.24-5); Nasser Decl. ¶¶3 (Dkt. No.24-4)] Further, Plaintiffs failed to allege sufficient supporting facts that Defendants ever published or posted anything indicating that they were the NMLLC, or ever made any references that they were the NMLLC, but even if they did, Ling was a member of the NMLLC and was entitled to do it. Notably, Plaintiffs failed to plead any photos or reference to Keller on any of Defendants' website or social media. Also, Plaintiff failed to plead any reference to Ms. Taadou on any of Defendants' website or social media besides her photos.

However, the above conclusion does not change even if Ling is found not to be a member of the NMLLC. Here, given the allegations and evidence presented by Plaintiffs, no person would reasonably believe that that Keller, Ms. Taadou, or the NMLLC were impersonated. *Id.* § 528.5(b). Any belief is *unreasonable*, given that no image of Keller was ever posted on any social media account by Defendants. (Nasser Decl. iso Motion to Dismiss Complaint ¶3) Further, Ms. Taadou appeared in the background with others in the forefront, in three (3) images, out of one-hundred and twenty-two (122) images posted to Defendants' Instagram page. (Nasser Decl. iso Motion to Dismiss Complaint ¶4) Ms, Taadou also appeared for thirty-five (35) seconds in a one-minute and fifty second (1:50) video on Defendants Instagram page. (Nasser Decl. iso Motion to Dismiss Complaint ¶5) This particular video has been seen fifty-five (55) times. (Nasser Decl. iso Motion to Dismiss Complaint ¶6) Thus, no reasonable person would make the connection between Ms. Taadou and Keller, and reasonably believe that

-10-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

1 Defendants are impersonating Keller through images of Ms. Taadou, given the
2 limited use in comparison to the content on Defendants' entire website and social
3 media.
4     Regarding Plaintiffs' allegation that Defendants impersonated Ms. Taadou,
5 that also does not makes sense, as Defendants' never made any reference to Ms.
6 Taadou or claimed to be her.
7     For those reasons, Plaintiffs allegations cannot provide basis for Plaintiffs'
8 claims for false impersonation under Cal. Penal Code § 528.5 or separately to
9 support any other cause of action.

    **C.    Plaintiffs Failed to State a Claim for Intentional Interference with Contractual relations**

Plaintiffs have failed to plead plausible facts for a cognizable cause of action for Intentional Interference with Contractual Relations. To sustain a viable cause of action for intentional interference with contractual relations or intentional interference with prospective economic advantage, a plaintiff must plead: (1) a valid and existing contract, or an economic relationship likely to produce a future economic benefit; (2) defendant's knowledge of that contract or relationship; (3) defendant's intentional acts intended or designed to disrupt the contractual or economically advantageous relationship; (4) actual disruption of the relationship, and resulting damages. *Ramona Manor Convalescent Hospital v. Care Enterprises*, 225 Cal. Rptr. 120 (1986).

Here, Plaintiffs allege that Defendants have interfered with their contract with Casa Aceves, however, a party to the contract cannot be liable for intentional interference with contractual relations. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994). On August 23, 2019, NMLLC, through Keller and Nasser, entered into a manufacturing agreement with Tequilas Rancho Viejo SA de CV d/b/a Casa Aceves, with its registered office at Matamoros 448, Plaza

-11-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Los Altos Local D2 | Tepatitlán de Morelos, Jalisco. Mexico. (Nasser Decl., 12, Ex. E.) The manufacturing agreement identified both Keller and Nasser as members of the NMLLC. *Id.*

Further, even if Defendants were not parties to the contract with Tequilas Rancho Viejo SA de CV d/b/a Casa Aceves, Plaintiffs failed to demonstrate actual breach or disruption of the contract. In fact, Plaintiffs produced evidence that Casa Aceves *refused* to perform the terms of the Agreement with Ling or Nasser (See Plaintiffs' Motion for Preliminary Injunction - Keller Decl. to Ex. I). The Court agreed in its decision stating that while a contract existed, Plaintiffs did not demonstrate actual breach or disruption of the contract. (Dkt. No. 29; 8:5) ("the Demand Letter even states that 'Cassa Aceves now refuses to perform the terms of the Agreement or deal *with Messrs. Ling or Nasser*'"). Accordingly, Plaintiffs' claim for intentional interference with contractual relations should be dismissed.

### D. Plaintiffs failed to State a Claim under Business and Professions Code §17200

Under California Business and Professions Code §17200, Unfair Business Practices, determining "whether a particular business practice is unfair necessarily involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm of the alleged victim." *Berryman v. Merit Property Management*, 152 Cal.App.4th 1544, 1555 (Cal.App.4 Dist., 2007). The burden is on the plaintiff to demonstrate why the defendant was not permitted to act in manner complained of. *Id.* Further, the legal elements of a claim under the UCL can be derivative of claims, like trademark infringement. *See e.g., Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (The elements of California "state common law claims of unfair competition and actions pursuant to California Business and Professions Code

§17200 are 'substantially congruent' to claims made under the Lanham Act.") (citations omitted)

Here, Plaintiffs' claim regarding the Unfair Business Practices are based on the allegations that 1) Defendants falsely impersonated Plaintiffs on their website and social media, as well as in communications with the New Mexico Secretary of State; 2) Defendants submitted fraudulent articles of Dissolution to the New Mexico Secretary of State; and 3) Defendants' tortious interference with Plaintiffs' contractual relations. Each of these grounds fail separately as argued above, and as a basis for § 17200.

As discussed above, Plaintiffs' fraud allegations lack the requisite specificity for claim to survive a motion to dismiss under FRCP 12(b)(6). The mere "formulaic recitation of the elements of a cause of action" demonstrates an "absence of sufficient facts alleged under a cognizable legal theory" contrary to the pleading requirements under *Twombly*, 127 S. Ct. 1955 (2007), and *Balistreri*, 901 F.2d 696 (9th Cir.1990).

Further, in its decision adopting the tentative ruling denying Plaintiffs' Motion for Preliminary Injunction, the Court noted that Plaintiffs' cause of action for violation of §17200 of the California Business & Professions Code was largely derivative of their other claims. (Dkt. No. 29:3-4). In their Request for Oral Argument, Plaintiffs attempted to argue that Defendants allegedly fraudulent actions in obtaining a certificate of dissolution for Etereo (NM) (Dkt. No. 28 at 1-2); Defendants' interference with Plaintiffs' business relationships with Casa Aceves *Id.*; see also (Dkt. No. 13-1 at 10-11); and Plaintiffs' false impersonation claim (Dkt. No. 28 at 2-3), formed a basis for their cause of action under California Business and Professions Code §17200 (Dkt. No. 29; 9:4), but the Court dispensed with those notions and noted that Plaintiffs' did not allege any facts that suggested any fraudulent submission of dissolution documents; fraudulent dissolution or that Defendants' interactions with Casa Aceves actually interfered

-13-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

1 with Plaintiffs' contract with Casa Aceves. (Dkt. No. 29; 10: 2-3) Thus, Plaintiffs'
2 claim under California Business and Professions Code § 17200 should be
3 dismissed for failure to state a claim upon which relief can be granted.

### E. Plaintiffs failed to State a Claim for Copyright Infringement In Violation of 17 U.S.C. § 101, et seq.

To state a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). "To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *E. W. Sounds, Inc. v. Phoenix*, No. CV 12-6143 (AJWx), 2012 WL 4003047, at *4 (C.D. Cal. Sept. 10, 2012) (quoting *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000)) (internal quotation marks omitted); *see also Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) (To withstand a motion to dismiss, the complaint must therefore allege with specificity "by what acts during what time the defendant infringed the copyright. It must set out the 'particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8.") (citations omitted)

Here, Plaintiffs' copyright infringement claim fails as a matter of law because Plaintiffs failed to plead by ***what specific acts*** during ***what time*** Defendants allegedly infringed their copyright. Nor does Plaintiff identify ***what specific work(s)*** were allegedly infringed. While Plaintiffs state that "Mr. Keller has registered thirty (30) video clips and five hundred and seventy (570)

-14-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

photographs with the United States Copyright Office. Said registrations have been accepted and certificates of registration for thirty (30) video clips and five hundred and seventy (570) photographs have been issued to Mr. Keller" (FAC ¶78), Plaintiffs failed to state what videos and/or what photographs they are alleging Defendants are infringing. Besides, Plaintiffs fail to attach the certificate of registration of the images allegedly received by Keller.

Further, Plaintiffs do not specifically identify Defendants' allegedly infringing works nor the specific elements of those works that Plaintiffs allege infringe their copyright. Moreover, the vague allegations in the Complaint make clear that Keller is not interested in protecting his individual work, but rather seeks to retaliate against Defendants.

Plaintiffs also claim that Keller, "In addition to the thirty (30) video clips and five hundred and seventy (570) photographs, Mr. Keller…created three unique bottle designs to house Etereo tequila branded tequila, six original designs to be included on stcikers *(sic)* affixed to the tequila bottles, two additional videos showcasing the Etereo concept, and written copy and design elements for brand presentation to be included on the band's Internet website." (FAC ¶79) Plaintiff refer to these materials collectively as the "Etereo Spirits IP" (FAC 79). However, like the photographs and video clips, it is unclear if these materials are also part of Plaintiffs' claim for copyright infringement. It is also unclear if these materials have certification with the United States Copyright Office, and what specific acts, if any, from Defendants allegedly infringed their copyright.

### 1. Plaintiffs fail to Plead by What acts During What time Defendants Infringed on the Copyright

Plaintiffs have not pled the key fourth element of a copyright infringement claim, namely as to how Defendants' advertisements infringed on their copyright. Instead of alleging "by what acts during what time" Defendants infringed on their

-15-
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)

copyright, Plaintiffs improperly rely on broad allegations that Defendants used what they called "Etereo Spirits IP." *E. W. Sounds,* 2012 WL 4003047, at *4.

It is well established that conclusory allegations are insufficient to state a copyright infringement claim. *See, e.g., Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *4, 6 (C.D. Cal. Jan. 26, 2011) (dismissing copyright infringement claim for complaint that listed 82 registered copyrights because it "alleges no facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed"); *New Name, Inc. v. Walt Disney Co.*, CV 07-5034 PA (RZx), 2007 WL 5061697, at *3 (C.D. Cal. Dec. 3, 2007) (concluding that plaintiff's copyright infringement allegations made "on information and belief" were "precisely the sort of formulaic recitation of the elements of a cause of action that the Supreme Court held is insufficient to state a claim for relief") (internal quotation marks omitted); *see also Marvullo*, 105 F. Supp. 2d at 230-31 ("The mere allegation that [defendant] procured a license to use a copyrighted photograph, which [defendant] later published beyond the scope of that license is too broad and sweeping to satisfy Rule 8.").

In *Cutler v. Enzymes, Inc.*, the court found that the plaintiff failed to state a claim for relief when she generally alleged the defendant infringed on copyrighted material from her three books but did not explicitly allege by "what acts during what period of time [the defendants] infringed [her] copyrights." No. C 08-04650, 2009 WL 482291, at *3 (N.D. Cal. Feb. 25, 2009). The district court reasoned that "[a]side from claims of ownership, the complaint is devoid of any other specific facts related to the [plaintiff's w]ork and alleged copyright infringement." *Id*. The plaintiff in *Cutler* argued that because she alleged the defendants "increased their use of" the plaintiff's works without more " . . . it may be inferred that [the defendants] posted [the] copyright material on its website." *Id.* However, the court

expressly rejected that argument, given the lack of specific facts to prove the alleged infringement when there were only three copyrighted books at issue. *Id.*

Here, as in *Cutler*, Plaintiffs have not included any specific facts related to the Etereo Spirits IP to prove by what acts Defendants infringed on their copyright. Rather than providing any facts about the portions of the Etereo Spirits IP that Defendants allegedly infringed upon, the Complaint contains generic facts about Plaintiffs' Etereo Spirits IP generally. (FAC ¶ 78-81) Plaintiffs then allege that Defendants directly infringed on the Etereo Spirits IP by using it to promote and advertise the CA LLC (FAC¶ 84) with **no further explanation** as to what images or videos were copied. (FAC ¶ 84.)

Just as the failure to include specific facts related to the three copyrighted books and alleged infringement of those books by the defendant resulted in the dismissal of the plaintiff's complaint in *Cutler*, here the Court should grant Defendants' motion to dismiss because the FAC does not contain sufficient facts concerning Plaintiffs' Etereo Spirits IP and the alleged infringement by Defendants. Without specific facts as to which Plaintiffs' work Defendants infringed upon, Defendants are unable to respond to the claims of copyright infringement.

Without more specific factual allegations by Plaintiffs, Defendants are unaware of what acts they committed that constitute copyright infringement and "a defendant is not expected to infer from a complaint what the allegations might possibly be." *Cutler*, 2009 WL 482291 at *3.

Thus, the lack of factual allegations concerning Plaintiffs' Etereo Spirits IP and what work(s) Defendants allegedly infringed upon shows Plaintiffs have not plead by what acts Defendants infringed on the copyright.

Moreover, Plaintiffs failed to attach the Etereo Spirits IP or any information regarding what work is the subject of their claims to the FAC, despite the fact that such materials were easily accessible to Plaintiffs. Without including the videos

-17-
**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

and photographs that have been allegedly infringed, it is exceedingly difficult, if not impossible, for Defendants to know upon what copyrighted work Defendants allegedly infringed.

Plaintiffs' FAC against Defendants should therefore be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, all of Plaintiffs' claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be grated.

Dated:  June 21, 2021                    GORDON & REES LLP

By:  */s/ Reid E. Dammann*
Reid E. Dammann
Juliana C. Ferraz
Attorneys for Defendants
JAMES R. LING and ETEREO SPIRITS, LLC, a California limited liability company