UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-00302-JVS-KESx | Date July 15, 2021 |
| Title Etereo Spirits, LLC et al v. James R. Ling et al | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendants' Motion to Dismiss**

Defendants James R. Ling ("Ling") and Etereo Spirits, LLC ("Etereo (CA)") (collectively, "Defendants") moved to dismiss the first amended complaint. Dkt. No. 39. Plaintiffs Etereo Spirits, LLC ("Etereo (NM)"), Arthur Keller ("Keller"), and Louisa Taadou ("Taadou") (collectively, "Plaintiffs") oppose the motion. Dkt. No. 40. Defendants then replied. Dkt. No. 41.

For the following reasons, the Court **DENIES** the motion. The Court also VACATES the July 26, 2021 hearing.

**I. BACKGROUND**

**1. Factual Background**

The following background is drawn from Plaintiffs' first amended complaint (Dkt. No. 36, "FAC"). The dispute centers around the use of a Mark for a tequila company, Etereo Spirits.

In 2019 and early 2020, Keller had been working with Hamade Nasser to establish an international component to the Etereo Spirits business. FAC ¶ 18. Nasser arranged for Ling to make a loan to Keller. Id. However, Ling was not involved with Etereo (NM) nor was he granted any interest in the trademark for the logo. Id. ¶ 19.

On July 24, 2019, Keller created Etereo (NM), which he "intended to use as a vehicle to develop, import, distribute, and market high-end tequila products." Id. ¶ 1. Around the same time, an Initial Resolution and Operating Agreement was prepared for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

Etereo (NM).  Id. ¶ 2.  Keller has been the managing member of Etereo (NM) since its creation.  Id. ¶ 3.

On September 9, 2019, Keller signed a Distribution Agreement for Etereo (NM) with Tequilas Rancho Viejo SA de CV (the "Producer").  Id. ¶ 4.  On October 7, 2019, Etereo (NM) obtained a Certificate of Denomination from the Mexican Institute of Industrial Property.  Id. ¶ 5.

In preparation for the launch of the brand, Hamade Nasser retained a designer to create a logo.  Id. ¶ 6.  The designer created the logo prior to the actual formation of the company, and it was approved by Keller on or around June 2019.  Id. ¶¶ 6-7.  After the company had been formed, Keller filed an application with the U.S. Patent and Trademark Office ("USPTO") to obtain a registered trademark for the logo, which was granted on March 31, 2020.  Id. ¶ 10 (U.S. Trademark Registration No. 6,023,306).

Nasser and Keller's business relationship broke down in summer 2020.  Id. ¶ 19.  Ling sought to convince Keller to continue working with Nasser, but to no avail.  Id.  Ling then started his own business, Etereo Spirits, LLC (Etereo (CA)) on September 25, 2020.  Id. ¶ 20.

Ling founded Etereo (CA) "with the specific intention of using it to confuse and defraud persons associated" with Etereo (NM).  Id. ¶ 21.  In an attempt to further interfere with Etereo (NM), either Ling or Nasser "submitted fraudulent Articles of Dissolution to the New Mexico Secretary of State" that stated the company had been dissolved upon written consent of the members having a majority share in the company.  Id. ¶ 22.  The Articles were fraudulent because "Mr. Ling was never granted an equity interest in [Etereo (NM)]."  Id. ¶ 23, see also id. ¶¶ 24-26.

The Articles of Dissolution were then mailed to Ling.  Id. ¶ 28.  Ling also sent a demand letter to the Producer requesting that it cease production of any tequila for Keller and instead direct production to Ling and Nasser.  Id. ¶ 29.  Ling also formed a website, www.etereolifestyle.com, and used the Etereo logo, marketing materials prepared by Keller, and photographs and videos either prepared by Keller or depicting him.  Id. ¶ 31.  Nasser and Ling also posted the logo and photographs on social media.  Id. ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

### II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

At the outset, the Court acknowledges Etereo (NM) and Keller's argument that Defendants impermissibly seek to transform the instant motion to dismiss into something more by proffering numerous evidentiary submissions, including declarations submitted both in support of the instant motion and their earlier opposition to the motion for preliminary injunction.

The Court agrees with Etereo (NM) and Keller. First, the legal standards for what courts may consider in motions to dismiss and motions for preliminary injunction differ considerably. "[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Therefore, the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings. See, e.g., Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00302-JVS-KESx                    Date  July 15, 2021

Title  Etereo Spirits, LLC et al v. James R. Ling et al

Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).  Meanwhile, under the Twombly/Iqbal standard, a court must accept well-pleaded allegations as true for the purposes of a motion to dismiss.

    Second, while courts may take judicial notice of certain records not attached to a complaint when considering a motion to dismiss, those rules or exceptions do not apply here. The Court also notes that short of citing to Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) for a general principal of what courts may consider in assessing a motion to dismiss and two other Ninth Circuit cases (concerning the incorporation by reference doctrine, which does not apply here), Defendants provide no binding legal precedent concerning what they seek to do here: convert evidence attached to a preliminary injunction into matters for consideration before the court now.  See Dkt. No. 39 at 6; Dkt. No. 41 at 5-6.  Defendants provide case law from the Eastern and Western Districts of Wisconsin, the District of Illinois, and the Seventh Circuit.[1]  Yet, for a court within the Central District of California, these cases are not persuasive.

    Therefore, the Court will construe the motion and Defendants' arguments in light of the applicable legal standard, discussed above.

**1.    Declaratory Relief**

    "The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject."  Otay Land Co. v. Royal Indem. Co., 169 Cal. App. 4th 556, 562 (2008).   Generally, "[t]he purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. . . . It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them."

---

[1] Defendants cite the following cases (see Dkt. No. 41 at 5-6): Ludke v. Kettle Moraine Correctional Inst., 2012 WL 3494992 (E.D. Wis. 2012); Loud Records LLC v. Minervini, 621 F. Supp. 2d 672 (W.D. Wis. 2009); Cichowski v. Hollenbeck, 2005 WL 3133038 (W.D. Wis. 2005); Offutt v. Kaplan, 884 F. Supp. 1179 (N.D. Ill. 1995); Baker v. Potter, 175 Fed. Appx. 759 (7th Cir. 2006); 4901 Corp. v. Town of Cicero, 220 F.3d 522 (7th Cir. 2000); McCready v. eBay, Inc., 435 F.3d 882, 891 (7th Cir. 2006); Winterland Concessions Co. v. Trela, 735 F.2d 257, 260, fn. 1 (7th Cir. 1984); Buyers Products Company v. CURT Manufacturing LLC, 2017 WL 1498154 (W.D. Wis. 2017)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

Babb v. Superior Court, 3 Cal. 3d 841, 848 (1971). Therefore, in order for a court go grant declaratory relief, the controversy between the parties "must relate to a claim upon which relief can be granted." Leadsinger, Inc. v. BMG Music Publishing, 429 F. Supp. 2d 1190, 1193 (C.D. Cal. 2005).

Defendants argue that Etereo (NM)and Keller's cause of action for declaratory relief fails because, other than misrepresentations and conclusory arguments, they "have provided no other information regarding under what theory they are seeking [sic] that supports this cause of action." Dkt. No. 39 at 7. In support of their claim, they note that Ling's financial contributions were capital contributions that Keller promised to return, despite Etereo (NM) and Keller's contentions otherwise. Id. Further, because the claim sounds in fraud, Etereo (NM) and Keller had to plead their allegations in accordance with Federal Rules of Civil Procedure 9(b). Id. at 8-9. However, their allegations are void of the "who, when, and how" the dissolution of Etereo (NM) was fraudulent, and therefore, should be dismissed. Id. at 9.

In response, Etereo (NM) and Keller assert that they have stated a claim for declaratory relief and that their claim can "only be resolved through the presentation fo evidence and discovery." Dkt. No. 40 at 3. They argue that they have sufficiently pleaded that (1) Defendants did not have power to dissolve the Company and (2) that because they lacked that power, the articles of dissolution were fraudulent. Id. at 4 (citing ¶¶ 47-49). Etereo (NM) and Keller stress that Defendants' other arguments are inappropriate given the stage of the pleadings. Id.

Etereo (NM) and Keller's FAC seeks a declaration that "(a) Mr. Ling never acquired an equity interest in [Etereo (NM)]; (b) Defendants were not authorized to dissolve [Etereo (NM)]; ©) the Articles of Dissolution submitted for [Etereo (NM)] have no legal effect; and (d) the Certificate of Dissolution issued in reliance on the fraudulent Articles of Dissolution had no legal effect." FAC ¶¶ 52.

The Court agrees with Etereo (NM) and Keller. First, as stated above, the Court declines to consider arguments that inherently require the Court to examine affidavits, declarations, or any other evidence not judicially noticeable by the Court. Second, the Court finds that the cause of action is sufficiently pleaded, even under the more stringent 9(b) standards. The FAC alleges when Ling and Nasser allegedly submitted the fraudulent Articles of Dissolution (FAC ¶ 22), why they were fraudulent (id. ¶¶ 23-26,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

see also id. ¶¶ 11-16), as well as other details concerning the allegedly fraudulent submission (id. ¶¶ 27-28). These constitute specific factual allegations, i.e., "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). The allegations also identify "the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989).

Therefore, the Court **DENIES** the motion to dismiss as it relates to Etereo (NM) and Keller's cause of action for declaratory relief.

### 2. False Impersonation on Internet Website in Violation of California Penal Code § 528.5

Under California Penal Code Section 528.5, "any person who knowingly and without consent credibly impersonates another actual person through or on an Internet Web site or by other electronic means for the purposes of harming, intimidating, threatening, or defrauding another person is guilty of a public offense . . .." Cal. Penal Code § 528.5. "[A]n impersonation is credible if another person would reasonably believe, or did reasonably believe, that the defendant was or is the person who was impersonated." Id. § 528.5(b).

Defendants argue that they Etereo (NM) and Keller have failed to state a claim for false impersonation because "Defendant could not have falsely impersonated [Etereo (NM)] when he was in fact a member of the [Company], along with Keller and Nasser." Dkt. No. 39 at 10 (citing Dkt. No. 24-5 and 24-4). Even if Ling were not a member of Etereo (NM), "no person would reasonably believe that Keller, Ms. Taadou, or [Etereo (NM)] were impersonated" because no image of Keller was ever posted on Etereo (CA)'s social media accounts and Ms. Taadou appeared in a minority of photos posted to the website. Id. at 10-11. Specifically, she appears in three out of one-hundred and twenty-two images posted to the website and in a video that has been seen only fifty-five times. Id. (citing Nasser Decl. ¶¶ 5-6).

In response, Etereo (NM) and Keller argue that because the Court already found they are likely to succeed on the merits of their claim when it considered their motion for preliminary injunction, they have plausibly alleged a cause of action for false

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00302-JVS-KESx    Date  July 15, 2021

Title  Etereo Spirits, LLC et al v. James R. Ling et al

impersonation.  Dkt. No. 40 at 4-5 (citing Dkt. No. 29 at 7).  Moreover, Etereo (NM) and Keller note that Defendants do not dispute that they used images and videos of Keller and his fiancé and instead attempt to call the Court's attention to a factual inquiry of whether a reasonable person would believe that Etereo (NM), Keller, or his fiancé were impersonated.  Id. at 5-6.

The Court agrees with Etereo (NM) and Keller.  First, the Court will not consider evidence on a motion to dismiss – such as how many times Keller or his fiancé are pictured on the site or whether they are sufficiently in the foreground versus background of those pictures.  Defendants' reliance on these facts is misplaced.  See Dkt. No. 39 at 10-11; see also Dkt. No. 41 at 4.  Second, the FAC otherwise sufficiently pleads that Defendants knowingly and without consent impersonated Etereo (NM), Keller, and Taadou on their website and on social media.  FAC ¶¶ 59-60.

Therefore, the Court **DENIES** the motion to dismiss as it relates to the cause of action for false impersonation.

### 3. Intentional Interference with Contractual Relations

A plaintiff alleging intentional interference with an existing contractual relationship must show "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal. 4th 26, 55 (1998) (quoting Pac. Gas & Elec. Co. v. Bear Stearns & Co.), 50 Cal. 3d 1118, 1126 (1990).  However, a party to the contract cannot be liable for intentional interference with contractual relations.  Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503 (1994).

Defendants argue that this cause of action fails because they were parties to the contract.  Dkt. No. 39 at 11-12 (citing Applied Equipment, 7 Cal. 4th 503; Nasser Decl., Ex. E).  Even if they were not parties to the contract with the tequila producer, Etereo (NM) and Keller "failed to demonstrate actual breach or disruption of the contract," and rather, they even produced evidence that the producer refused to perform the terms of the agreement with Ling or Nasser.  Id. at 12.  Defendants add in their reply that Etereo (NM)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

and Keller "have already presented evidence that there was no disruption to the contract." Dkt. No. 41 at 4-5.

In response, Etereo (NM) and Keller argue that Defendants are again seeking to have the Court resolve factual disputes (i.e., that Nasser was a party to the distribution agreement and could not have intentionally interfered with the contract). Dkt. No. 40 at 6-7. They otherwise note that the FAC "alleges that Defendants have continued to breach the contract – *after* the original complaint was filed and *after* the Court ruled on the Motion for Preliminary Injunction." Id. at 7 (citing FAC ¶ 67).

The Court agrees with Etereo (NM) and Keller. First, the FAC alleges that Defendants were not a party to the contract. FAC ¶ 65. Thus, and as stated above, despite Defendants' assertions and declarations to the contrary, the Court will not resolve factual disputes in the instant motion. Second, the FAC sufficiently pleads the remaining elements of the cause of action, including the existence of a valid contract (id. ¶ 64), Defendants' actions to interfere with the contract (id. ¶ 66), the possible breach of the contract (id. ¶ 67), and damages (id. ¶ 68). While certain factual issues may remain, i.e., whether the contract was actually breached or disrupted by the tequila producer, such considerations are not appropriate for the instant motion.

Therefore, the Court **DENIES** the motion as it relates to the cause of action for intentional interference with contractual relations.

**4.      Unfair Competition in Violation of California Business & Professions Code §§ 17200, et seq (the "UCL")**

Section 17200 of the California Business & Professions Code proscribes unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code § 17200. "[T]he unfair competition law's scope is broad" and covers " anything that can properly be called a business practice and that at the same time is forbidden by law." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (citing Rubin v. Green, 4 Cal. 4th 1187, 1200 (1993). "By proscribing "any unlawful" business practice, "section 17200 'borrows' violations of other laws and treats them as unlawful practices" that the unfair competition law makes independently actionable." Id. (citing State Farm Fire & Cas. Co. v. Superior Ct., 45 Cal. App. 4th 1093 (1996), abrogated in part by Cel-Tech Commc'ns, Inc., 20 Cal. 4th 163).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KESx | Date | July 15, 2021 |
| Title | Etereo Spirits, LLC et al v. James R. Ling et al | | |

Defendants allege that this cause of action fails because their fraud allegations related to the dissolution of Etereo (NM) lack the requisite specificity under 9(b) and 12(b)(6) and that the Court, in its earlier order on Etereo (NM) and Keller's motion for preliminary injunction, noted that the complaint did not allege any facts that suggested the fraudulent dissolution of documents or Defendants' interactions actually interfered with the contract with the tequila producer. Dkt. No. 39 at 13-14.

In response, Etereo (NM) and Keller cite to the FAC, asserting that they alleged a number of unlawful, unfair, and/or fraudulent business practices like false impersonation, copyright infringement, the false submission of the articles of dissolution, and tortious interference with contractual relations. Dkt. No. 40 at 8. They add that the motion to dismiss seemingly only relates to the original complaint, and not the FAC.

The Court agrees with Etereo (NM) and Keller. First, the Court's order on Etereo (NM) and Keller's motion for preliminary injunction assessed the allegations in the original complaint, not the FAC. See Dkt. No. 29. "As the Ninth Circuit has said, [a]s a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes [sic] the original, the latter being treated thereafter as non-existent." United States v. Twyman, No. LA CR 07-01142-VBF-4, 2016 WL 4072486, at *1 (C.D. Cal. July 11, 2016) (citation omitted). Therefore, to the extent that Defendants' motion relies on the original complaint, such reliance is misplaced. Second, the FAC also alleges a myriad of unlawful business practices, as discussed above and which the Court has already found to be sufficiently pleaded. See FAC ¶¶ 72-75.

Therefore, the Court **DENIES** the motion as it relates to the cause of action for violations of the UCL.

**5.      Copyright Infringement in Violation of 17 U.S.C. §§ 101, et seq**

To state a claim for copyright infringement, Plaintiffs must show that (1) they owned a valid copyright in their screenplay, and (2) Defendants copied protected aspects

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00302-JVS-KESx    Date  July 15, 2021

Title  Etereo Spirits, LLC et al v. James R. Ling et al

of their work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). In the absence of direct evidence of copying, which is the case here, the plaintiff "can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir.), cert. denied sub nom. Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin, 141 S. Ct. 453 (2020), reh'g denied, 141 S. Ct. 946 (2020) (citation omitted). At the pleading stage, district courts apply only the "extrinsic test" for similarity, which asks whether the defendant's work shares objective similarities of specific expressive elements with the allegedly infringed piece. Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018) (overruled on other grounds by Skidmore, 952 F.3d 1051).

     Defendants argue that the copyright infringement fails because Etereo (NM) and Keller do not plead by what specific acts during what time they allegedly infringed upon the copyright at issue. Dkt. No. 39 at 14 (citing Cutler v. Enzymes, Inc., No. C 08-04650 JF(RS), 2009 WL 482291, at *3 (N.D. Cal. Feb. 25, 2009)). Specifically, they argue that Etereo (NM) and Keller do not plead which works were allegedly infringed, instead relying upon a general set of intellectual property stylized as the "Etereo Spirits IP." Id. The allegations are otherwise conclusory and do not put Defendants on notice concerning which intellectual property was allegedly infringed upon. Id. at 16-17. Defendants reassert the same in their reply. Dkt. No. 41 at 6-7.

     In response, Etereo (NM) and Keller argue that the FAC sufficiently identifies the infringing work, i.e., the "Etereo Spirits IP" which consists of thirty video clips and five hundred and seventy photographs registered with the U.S. Copyright Office, as well as the bottle designs for the actual tequila product. Dkt. No. 39 at 9 (citing FAC ¶¶ 78-79). They also argue that the FAC sufficiently alleges specific infringing acts, i.e., when Ling directed Nasser to download the Etereo Spirits IP and the Defendants' use of the same on their website and via social media. Id. at 10 (citing FAC ¶¶ 31, 35, 83).

     The Court agrees with Etereo (NM) and Keller that the FAC sufficiently pleads a cause of action for copyright infringement.

     First, Defendants' reliance on Cutler is misplaced. In granting the defendant's motion to dismiss, the court in Cutler focused on the relative disparity between the facts in that case and those in Perfect 10, Inc. v. Cybernet Ventures, Inc., 167 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-00302-JVS-KESx  Date July 15, 2021

Title  Etereo Spirits, LLC et al v. James R. Ling et al

1114 (C.D. Cal. 2001). See Cutler, 2009 WL 482291, at *3. The court found that plaintiff alleged copyright infringement of only three books, unlike the "hundreds, even thousands, of alleged infringing photographs within the various websites" in Perfect 10, and therefore, the plaintiff could not avail himself of the "liberal pleading standards established by Rule 8." Id. Moreover, the complaint alleged "far fewer discrete facts" than the one in Perfect 10. Id. ("Aside from claims of ownership, the complaint is devoid of any other specific facts related to the Published Work and alleged copyright infringement."). Here, the situation is more like Perfect 10, i.e., owing to the "wide variation in number" of possibly infringing intellectual property, "Rule 8 does not require the highly detailed pleading demanded by" defendants. Perfect 10, 167 F. Supp 2d at 1120. Moreover, the Court finds that the complaint – which identifies a set of photographs, videos, and other intellectual property, sufficiently notifies Defendants "as to the type of infringing conduct and the source of the claims." Id. (citing Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit, 507 U.S. 163 (1993)).

Second, and in light of the above, the Court finds that the FAC sufficiently pleads a cause of action for copyright infringement. The FAC identifies thirty video clips and five hundred and seventy photographs, three unique bottle designs, six original sticker designs, two concept videos, and written copy and design elements for presentations as the "Etereo Spirits IP." FAC ¶ 79. It further alleges that the Etereo Spirits IP was created outside the United States, id. ¶ 80, that Defendants had access to the same, id. ¶ 82, and finally, that Defendants downloaded the Etereo Spirits IP after their relationship broke down, id. ¶ 82.

Therefore, the Court denies the motion as it relates to the cause of action for copyright infringement.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:21-cv-00302-JVS-KESx                               Date   July 15, 2021

Title   Etereo Spirits, LLC et al v. James R. Ling et al

                                                                          :   0
                                                       Initials of Preparer   lmb