1 | REID E. DAMMANN, SBN:
rdammann@grsm.com
2 | JULIANA C. FERRAZ, SBN:
jferraz@grsm.com
3 | GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
4 | Los Angeles, CA 90071
Telephone:
5 | Facsimile: (213) 680-4470

6 | Attorneys for Defendants
JAMES R. LING and ETEREO SPIRITS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETEREO SPIRITS, LLC, a New Mexico limited liability company, and ARTHUR KELLER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES R. LING, an individual, and ETEREO SPIRITS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 8:21-cv-00302-JVS-KES<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><br><br>Presiding Judge:<br>Honorable James V. Selna |

**OPPOSITION**

This same motion has already been denied by this Honorable Court.

Defendants submit that this Court lacks jurisdiction over this "binding term sheet" as the parties agreed to a choice-of-law provision whereby the binding term sheet was to be enforced "under California law." Under California law, the parties must request that "the court retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." *California Code of Civil Procedure § 664.6.* This was never done. In fact, the binding term sheet expressly provides that a "stipulated judgment… shall be the sole remedy in the event of Defendants' default," but there is no stipulated judgment attached to the motion. For this reason alone, Plaintiffs' frivolous motion should be denied.

In addition, even if Plaintiffs were able to get around the jurisdictional issue, the Agreement is not enforceable due to Plaintiffs' clear failures to satisfy conditions precedent in the binding term sheet and because the agreement was based on Plaintiffs' fraudulent representations. For instance, the binding term sheet required Keller to "transfer all Etereo-related domain names and provide passwords for social media handles, including, without limitation, all Instagram and Facebook accounts, websites, and other digital applications or accounts, **within 24 hours of this agreement**." Keller Decl., ¶ 5, Ex. A. Also "**within 24 hours of this agreement [October 29, 2021]**": (1) 10,000 bottles that Defendant Ling paid for were supposed to be transferred to his United Kingdom subsidiary; (2) a complete list with the original files of all alleged "pictures and videos" purportedly registered as copyrights by Keller were supposed to be provided to Ling; and (3) Keller's fabricated New Mexico Limited Liability Company was supposed to be dissolved. *Id.* None of this was done by Keller, and certainly **not within 24 hours of October 29, 2021**. Defendants' payment was expressly conditioned on these items, as the agreement states: **"Provided the terms and**

**conditions relating to Plaintiffs' transfer and assignment of all intellectual property and interest in bottles are timely performed…."** *Id.*

To date, Defendants still do not have any of the photos, videos, website domain, credentials, and the New Mexico Limited Liability Company is still in existence. As demonstrated in James R. Ling's declaration, Keller continues to engage in gamesmanship with respect to the "transfers" of any digital files by providing expired DropBox links and useless "authorization codes" for the website. Decl. James Ling, ¶ 5. Aside from the Instagram account, which was not transferred within 24 hours of the agreement, no credentials have been provided to date for the Facebook or other social media accounts, which continues to interfere with Defendants' business operations, bottle sales, and goodwill. *Id.*

The foregoing conditions trigger Defendants' payment obligation under the binding term sheet, whereby Defendants agreed to pay Keller within 120 days of selling the bottles that Defendants paid for and rightfully own. Decl. James Ling, ¶ 4. Due to a number of issues believed to be caused by Keller, Defendants did not receive the bottles until mid-January. *Id.* at ¶ 5. Notwithstanding, Defendants wish to settle this action and cease usurping the Court's precious time and resources. As such, Defendants request that Plaintiffs' ex parte application be denied for the foregoing reasons or, alternatively, that Plaintiffs' motion be set with a proper briefing schedule that protects Defendants' due process.

Dated: April 11, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Reid E. Dammann
Juliana C. Ferraz
Attorneys for Defendants