REID E. DAMMANN, SBN:
rdammann@grsm.com
JULIANA C. FERRAZ, SBN:
jferraz@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:
Facsimile: (213) 680-4470

Attorneys for Defendants
JAMES R. LING and ETEREO SPIRITS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETEREO SPIRITS, LLC, a New Mexico limited liability company, and ARTHUR KELLER, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES R. LING, an individual, and ETEREO SPIRITS, LLC, a California limited liability company,<br><br>Defendants. | CASE NO. 8:21-cv-00302-JVS-KES<br><br>**DECLARATION OF JAMES R. LING IN SUPPORT OF OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br><br>Presiding Judge:<br>Honorable James V. Selna |

-1-
DECLARATION OF JAMES R. LING IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO ENFORCE SETTLEMENT AGREEMENT

I, JAMES R. LING, hereby declare and state as follows:

1. I am the named defendant in this action. I am a managing attorney of Ling Law Group, APC, located in Irvine, California, and am a member of Defendant Etereo Spirits, LLC, a California limited liability company.

2. I am personally familiar with the facts set forth in this declaration and if called upon as a witness, I could and would competently testify thereto.

3. I participated in a 13-hour mediation in late October in this action that culminated in the execution of the binding term sheet attached to Plaintiff Arthur Keller's ("Keller") declaration as Exhibit A.

4. I was not aware that Keller illegally shipped my 10,000 tequila bottles to Holland, as we do not sell tequila bottles in Holland. We sell our bottles in the United Kingdom and in the United States. Keller never disclosed why there were only 9,300 bottles and not 10,000 bottles, but under our agreement, I agreed to sell the remaining 9,300 bottles provided certain terms and conditions were met, including that he assign and transfer all intellectual property that I had paid him for within 24 hours, and that my company would pay Keller $400,000 from the sales of those bottles. Our payment terms usually required 60, 90, or 120-day net terms.

5. My team in the United Kingdom did not receive the bottles until mid-January due to a number of issues, including mislabeling, not having proper UPC codes, and other information that was in the possession of Keller.

6. I made several efforts to reach out to Keller regarding the remaining items in the binding term sheet that were not provided to me within 24 hours of the term sheet being signed, and Keller provided broken hyperlinks, "expired" DropBox links, and failed to provide any or all of the photos, videos, website, or social media credentials pursuant to the binding term sheet. I text messaged Keller on or around December 18, December 22, and December 29 specifically stating that "we haven't received any bottles yet," that I need the website credentials and not some false "authorization code," and conveying to Keller that I still did not

DECLARATION OF JAMES R. LING IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO ENFORCE SETTLEMENT AGREEMENT

receive any of the photos or videos that I had paid for. Attached as **Exhibit A** is a true and correct copy of my text messages to Keller.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this _4_ day of March 2022 in Irvine, California.

_____
JAMES R. LING

-3-
DECLARATION OF JAMES R. LING IN SUPPORT OF OPPOSITION TO EX PARTE APPLICATION TO ENFORCE SETTLEMENT AGREEMENT