UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motion to Enforce Settlement Agreement</u>**

Plaintiff Arthur Keller moves to enforce the settlement agreement executed by the parties. Mot., Dkt. No. 61. Defendants James R. Ling and Etereo Spirits, LLC, a California limited liability company ("Etereo CA") oppose. Opp'n, Dkt. No. 64. Plaintiff replied. Reply, Dkt. No. 65.

After the Court posted its tentative order, Plaintiff filed a request for hearing. Hearing Request, Dkt. No. 67. Defendants filed a response to Plaintiff's request. Dkt. No. 69. The Court considered the arguments raised and finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

On February 16, 2021, Plaintiffs Etereo Spirits, LLC, a New Mexico limited liability company ("Etereo NM") and Keller brought suit against Defendants, asserting various causes of action related to alleged trademark infringement of the Etereo logo. <u>See generally</u> Compl., Dkt. No. 1. The parties engaged in mediation on October 22, 2021 and agreed to completely settle the case. Dkt. No. 54.

On October 29, 2021, the parties entered into a binding Term Sheet which purported to settle the disputes between the parties (the "Agreement"). Mot. at 1. In particular, the Agreement included terms regarding the payment and transfer of 9,384

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

bottles of tequila bearing the Etereo logo; the transfer of Plaintiffs' intellectual property to Defendants; and the release of Defendants' state law claims against Plaintiffs. See Decl. Of Arthur Keller ("Keller Decl."), Ex. A ("Agreement"), Dkt. No. 61-2 at 6-7.[1] The Agreement contains the following term:

> Provided the terms and conditions relating to Plaintiffs' transfer and assignment of all intellectual property and interest in bottles are timely performed, the parties agree to a mutual release of all claims, including all claims, whether asserted or not, in any pending litigation and Defendants' state court claims for enforcement of the $115,000 promissory note, against the other party or parties and their partners, associates, or affiliated entities.

Agreement at 6.

Regarding the transfer of the bottles of tequila, the Agreement provides: "Defendants will pay $400,000 within 120 days of Defendants taking control of bottles. Plaintiffs will initiate transfer on Monday, October 25, 2021." Id. Finally, the Agreement also contains several terms regarding the transfer of "Etereo-related domain names" and the transfer of related social media accounts, websites, digital applications, as well as certain pictures and videos. Id. at 6-7.

On November 1, 2021, Keller contacted the warehouse in Holland where the tequila bottles were kept and "assigned all rights" to the bottles to Ling and Etereo CA. Mot. at 1; Keller Decl., Ex. B at 9. In an email between the parties' counsel, Defendants notified Plaintiffs that they did not receive the bottles until January 12, 2022. Keller Decl., Ex. E at 16. Defendants also noted that they had not received transfer of all of the intellectual property at that time, including all domain names. Id. Defendants further assert in their Opposition that "no credentials have been provided to date for the Facebook or other social media accounts." Opp'n at 3.

---

[1] Page citations to the parties' exhibits attached to declarations are to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

Plaintiff Keller now seeks enforcement of the Agreement, in particular, Defendants' performance of its obligations to pay $400,000 for the bottles, as well as for Defendants to release its state law claims against Plaintiff.

## II. LEGAL STANDARD

A district court has the equitable power to enforce summarily an agreement to settle a case pending before it. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Enforcement of a settlement agreement is appropriate without an evidentiary hearing where "material facts concerning the existence or terms of the agreement" are undisputed. Id.

"The interpretation of a settlement agreement is governed by principles of state contract law." Botefur v. City of Eagle Point, Or., 7 F.3d 152, 156 (9th Cir. 1993). As such, "a motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989). "[T]he district court may enforce only complete settlement agreements." Callie, 829 F.2d at 890; Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994) (same). The court''s enforcement power includes the authority to award damages for failure to comply with the settlement agreement and to require specific performance of the breaching party. TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986); Rutherford v. Ekta Hosp., No. ED-CV-20408-JGB (SHKx), 2021 WL 4571986, at *1 (C.D. Cal. July 23, 2021).

To form an enforceable agreement, the parties must (1) intend to be bound, and (2) agree on the material terms. See Callie, 829 F.2d at 890-91; Elite Show Servs., Inc. v. Staffpro, Inc., 119 Cal. App. 4th 263, 268 (2004) ("Under California law, a contract is enforceable if it is sufficiently definite that a court can ascertain the parties' obligations thereunder and determine whether those obligations have been performed or breached."). "[A] term may be 'material' in one of two ways: It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain." Facebook, Inc. v. Pac. Nw. Software, Inc., 640 F.3d 1034, 1037 (9th Cir. 2011). While "omission of the former would render the contract a nullity . . . a contract that omits terms of the latter type is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages." Id. (internal citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

omitted).

### III. DISCUSSION

In their request for hearing, Defendants renew their arguments that the settlement agreement is unenforceable due to Plaintiff's fraudulent misrepresentations and untimely performance. Defendants further assert that the bottles were being sold illegally from the warehouse in Holland prior to the settlement. Dkt. No. 69. A settlement agreement may be unenforceable if it is procured by fraud, or if consent was given on the basis of a significant and material mistake. See Merced County Mut. Fire Ins. Co. v. The State of California, 233 Cal. App. 3d 765, 771 (1991). To prove fraud in the inducement of a contract, a party must establish the elements of common law fraud. Id. The elements of fraud are (1) misrepresentation; (2) scienter; (3) justifiable reliance; and (4) resulting damage. Buckland v. Threshold Enterprises, Ltd., 155 Cal. App. 4th 798, 806-07 (2007). Defendants offer nothing relevant to substantiate these claims on any of these elements, and the Court finds that the Agreement is enforceable.

There is no dispute that the Agreement is an otherwise valid contract and a complete agreement. Plaintiff seeks enforcement of the Agreement, particularly the payment obligation of $400,000, and seeks release of pending state law claims. Mot.; Decl. of Ryan Carreon, Dkt. No. 61-1 at ¶¶ 10-11. Defendants do not argue that these terms are invalid, but rather contends that it owes no obligations to Plaintiffs at this point because Plaintiffs failed to satisfy certain conditions precedent, namely, the transfer of the intellectual property and the bottles of tequila.

### A.   *Whether Conditions Precedent were Satisfied*

"A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed." Cal. Civ. Code § 1436. In other words, it is "an act of a party that must be performed or an uncertain event that must happen before contractual right accrues or contractual duty arises." Wm. R. Clarke Corp. v. Safeco Ins. Co., 15 Cal.4th 882 (1997). The existence of a condition precedent normally depends upon the intent of the parties as determined from the words they have employed in the contract. Barroso v. Ocwen Loan Servicing, LLC, 208 Cal. App. 4th 1001, 1009 (2012) (citing 13 Williston on Contracts § 38:16 (4th ed. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

Here, the Agreement states: "Provided the terms and conditions relating to Plaintiffs' transfer and assignment of all intellectual property and interest in bottles are timely performed, the parties agree to a mutual release of all claims, including all claims, whether asserted or not, in any pending litigation and Defendants' state court claims . . . ." Agreement at 6. The language expressly conditions the release of claims on the timely performance of the transfer and assignment of (1) the intellectual property and (2) interest in the bottles. These two acts are therefore conditions precedent to the release of claims.

> i.   *Whether Payment Obligation for Bottles Became Due*

Regarding the transfer of the bottles, the parties agreed that "Defendants will pay $400,000 within 120 days of Defendants taking control of bottles. Plaintiffs will initiate transfer on Monday, October 25, 2021." Agreement at 6. The Agreement does not specify what it means to "take control" and the parties appear to differ on its meaning. Plaintiff contends that it transferred control when it contacted the warehouse in Holland on November 1, 2021, and that the payment therefore became due on March 1, 2022. Defendants contend that they did not take control until Defendants received and physically possessed the bottles on January 12, 2022.

In its request for hearing, Plaintiff argues that Defendants demonstratively took control of the bottles because Defendants arranged for its shipping, and present an email dated December 8, 2021. Dkt. No. 61-1, Ex. E at 19. Plaintiff correctly points out that the decision to transfer the bottles from the warehouse at all "was not contemplated by the 'taking control' language of the Agreement." Hearing Request at 2. However, Defendants' arranging the shipping demonstrates that the parties understood that this was Defendants' obligation. This arrangement and understanding required Defendants to "take control" of the bottles by the time it had the bottles collected by the shipper.

Because Defendants took control of the bottles by December 8, 2021, its payment obligation of $400,000 was due 120 days from that arrival date, i.e., on April 7, 2022.[2]

---

[2] The Court further notes that the difference in interpretation of the term "taking control" is moot now that Defendants' asserted deadline of May 12, 2022 has come and passed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

Defendants' obligation to pay $400,000 has become due. See Agreement at 6 ("Defendants will pay $400,000 within 120 days of Defendants taking control of bottles."). Accordingly, the Court **GRANTS** the motion as to Defendants' payment obligation.

The transfer of the "interest in [the] bottles" was also a condition precedent to Defendants' obligation to release state law claims. Id. at 6. As Defendants have physically possessed the bottles since January 12, 2022, that condition has clearly been satisfied. The Court next considers the second condition precedent to Defendants' obligation to release their state law claims.

    ii.  *Whether Plaintiff Transferred and Assigned IP*

The parties disagree about whether Defendants have properly transferred the intellectual property as required by the Agreement. Compare Dkt. No. 61-1 at 8 (supporting Plaintiff's assertion that it transferred the IP) with Dkt. No. 64-2 (supporting Defendants' assertion of lack of transfer). Defendants contend that Plaintiffs failed to transfer all domain names and several of the social media accounts. The transfer of the intellectual property, including the social media accounts and websites, is a condition precedent to the release of the state law claims.

Plaintiff, in essence, argues that Defendants are responsible for their failure to receive the intellectual property from Plaintiff, despite Plaintiff's attempts to make the transfers. For example, a WhatsApp conversation between the parties indicates that Plaintiff provided a link to files containing the intellectual property, which then expired because Defendants were not downloading the contents quickly enough. Ling Decl., Ex. A at 4, Dkt. No. 64-2. Under California law, if one contracting party prevents the other from performing a condition precedent, the party subject to the condition is excused from performing it. FNBN Rescon I, LLC v. Citrus El Dorado, LLC, 725 F. App'x 448, 451 (9th Cir. 2018) (citing Parsons v. Bristol Dev. Co., 62 Cal. 2d 861, 868–69 (1965)). Plaintiff does not allege, nor presents evidence sufficient to find, that Defendants are preventing Plaintiff from fulfilling this condition. In fact, the evidence presented by both parties reflects the parties' inability to figure out how to transfer and access the intellectual property rather than foul play on either side. See, e.g., Keller Decl., Ex. D at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

Because Plaintiff has not established that it satisfied the conditions precedent, it has not established that it can enforce the Agreement as to the release of the state law claims. See Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1389 (1990) ("Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action.").

Plaintiff is entitled to enforcement of the Agreement as to Defendants' payment obligation for the bottles, which became due on April 7, 2022 (and even by Defendants' interpretation, would have become due on May 12, 2022).

As to the release of state law claims, however, Plaintiff has not presented sufficient evidence that it satisfied the condition precedent of transferring the intellectual property. Accordingly, Plaintiff has not demonstrated that Defendants defaulted on their obligations to release its state law claims. See Cal. Civ. Code § 1439 ("Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself ...."); see also Dongguan Fumeikang Elec. Tech. Co. v. ISO Beauty, Inc., No. 17-cv-4002-DMG (GJSx), 2018 WL 5862957, at *3 (C.D. Cal. Feb. 27, 2018) (denying plaintiff's motion to enforce agreement because there was no evidence that defendant defaulted on its obligations).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part the motion to enforce the settlement agreement. It is apparent that the final terms of the settlement can be satisfied. The Court strongly urges the parties to work collaboratively to achieve that end.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS (KESx) | Date | May 13, 2022 |
| Title | Etereo Spirits, LLC et al. v. James R. Ling et al. | | |

                                                                                  :   0

Initials of Preparer    lmb