David R. Baake SBN 325087
**Baake Law, LLC**
2131 N Main St
Las Cruces, NM 88001
Phone: (575) 343-2782
Email: david@baakelaw.com

Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6729 facsimile
Email: rcarreon@higbeeassociates.com

*Attorneys for Plaintiffs Etereo Spirits, LLC, a New Mexico Limited Liability Company, and Arthur Keller*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETEREO SPIRITS, LLC, a New Mexico limited liability company, ARTHUR KELLER, an individual, and LOUISA TAADOU, an individual,<br><br>*Plaintiffs*,<br><br>v.<br><br>JAMES R. LING, an individual, and ETEREO SPIRITS, LLC, a California limited liability company,<br><br>*Defendants*. | Case No.: 8:21-cv-00302-JVS-KES<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE THE SETTLEMENT AGREEMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, August 1, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable James V. Selna of the above-titled court, located at the United States Courthouse, 411 West

**MOTION TO ENFORCE**

Case 8:21-cv-00302-JVS-KES   Document 73   Filed 07/04/22   Page 2 of 8   Page ID #:1220

4th Street, Courtroom 10C, Santa Ana, CA 92701-4516, Plaintiff Arthur Keller ("Keller") will move for an Order enforcing the terms of the Binding Term Sheet executed by the parties on October 29, 2021 which includes entry of a judgement in the amount of $400,000 against Defendants James R. Ling ("Ling"), and Etereo Spirits, LLC ("CA LLC").

On October 29, 2021, the parties entered into a Binding Term Sheet which required Keller to transfer approximately 9,300 tequila bottles located in a warehouse in Holland to Ling and the CA LLC. The Binding Term Sheet stated that Ling and the CA LLC "will pay $400,000 within 120 days of Defendants taking control of bottles."

On March 21, 2022, Keller brought a Motion to Enforce. Dkt. #61. On May 13, 2022 the Court issued an Order granting, in part, Keller's Motion. Dkt. #70. In its Order, the Court agreed that the $400,000 payment had become due to Keller, however the Court held that it was not clear that Keller had properly transferred the various intellectual property elements, and therefore held that Ling was not obligated to dismiss the pending state law claims. *Ibid.*

On May 13, 2022, Keller sought entry of judgment as to the $400,000 payment (Dkt. #71), however the Court denied the request on June 8, 2022, stating that entry of partial judgment was not appropriate at this time (Dkt. #72).

Also on May 13, 2022, counsel for Keller caused to be sent a DropBox link containing the 494 intellectual property elements, which included the various registered intellectual property elements, industrial property elements, various design elements, and legal documents as well as the transfer code for the domain www.etereotequila.com. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶6, Exhibit A-B. Counsel also sent a thumb drive containing the files to Ling's office address which was confirmed delivered by FedEx. ("Carreon Decl.") ¶¶9-10, Exhibit C.

**MOTION TO ENFORCE**

As of the date of this Motion, Ling has neither dismissed the state law claims against Keller nor has he made any payment on the $400,000 owed. Thus, Keller seeks a judicial declaration that he has fulfilled all the requirements of the Binding Term Sheet and requests that the Court enter judgment forthwith.

Pursuant to L.R. 7-9, counsel for the parties met and conferred on June 27, 2022. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Ryan E. Carreon in support, and the pleadings, files and other materials that are on file with the Court or which may be presented at the hearing.

DATED: July 4, 2022               Respectfully submitted,

/s/ *Ryan E. Carreon*
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8373
*Counsel for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves a dispute over control of the tequila brand Etereo and its assets including approximately 9,300 bottles of tequila. Plaintiff Arthur Keller ("Keller") filed this action in Federal court on February 16, 2021, and Defendant James Ling ("Ling") filed a separate action in California Superior Court on March 30, 2021 ("State Court Action").

On October 22, 2021 Keller and Ling attended a mediation. At the mediation, the Parties agreed to a settlement and executed a Binding Term Sheet on October 29, 2021. *See* Dkt. #70.

As pertinent here, the Binding Term Sheet included the following provisions:

- Ling and Etereo Spirits LLC ("CA LLC") would make a payment of $400,000 to Keller within 120 days of taking control of the tequila bottles;
- Ling and the CA LLC agreed to a stipulated judgment of $400,000 plus collection fees enforceable in the event of default;
- Ling would dismiss the pending Superior Court case against Keller;
- Keller would transfer the Etereo domain and provide social media passwords to Ling;
- Keller would transfer control of the tequila bottles to Ling and the CA LLC;
- Keller would assign and provide certain IP assets to Ling and the CA LLC;

See Dkt. #70.

On March 21, 2022, Keller brought a Motion to Enforce. Dkt. #61. On May 13, 2022 the Court issued an Order granting, in part, Keller's Motion. Dkt. #70. In its Order, the Court stated as follows:

> Because Defendants took control of the bottles by December 8, 2021, its payment obligation of $400,000 was due 120 days from that arrival date, i.e., on April 7, 2022. Defendants' obligation to pay $400,000 has become due.
> …
> Plaintiff is entitled to enforcement of the Agreement as to Defendants' payment obligation for the bottles, which became due on April 7, 2022.

Dkt. #70, pp. 5-7.

Regarding the transfer of intellectual property assets, the Court observed as follows:

> the evidence presented by both parties reflects the parties' inability to figure out how to transfer and access the intellectual property rather than foul play on either side.
> …
> Plaintiff has not presented sufficient evidence that it satisfied the condition precedent of transferring the intellectual property. Accordingly, Plaintiff has not demonstrated that Defendants defaulted on their obligations to release its state law claims.

Dkt. #70, pp. 6-7.

On May 13, 2022, Keller sought entry of judgment as to the $400,000 payment (Dkt. #71), however the Court denied the request on June 8, 2022, stating that entry of partial judgment was not appropriate at this time (Dkt. #72).

Also on May 13, 2022, counsel for Keller caused to be sent a DropBox link containing the 494 intellectual property elements, which included the various registered intellectual property elements, industrial property elements, various design elements, and legal documents as well as the transfer code for the domain www.etereotequila.com. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶13, Exhibits A-B. Subsequently, counsel separately sent a thumb drive containing the files to Ling's office address which was confirmed delivered by FedEx. Carreon Decl. ¶¶9-10, Exhibit C.

As of the date of this Motion, Ling has neither dismissed the state law claims against Keller nor has he made any payment on the $400,000 owed. Carreon Decl. ¶12. Thus, Keller seeks a judicial declaration that he has fulfilled all the requirements of the Binding Term Sheet and requests that the Court enter judgment forthwith.

## II. THE COURT CAN ENFORCE THE SETTLEMENT AGREEMENT

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it .... " *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1992) (citations omitted). "A settlement agreement is treated as any other contract for purposes of interpretation." *Adams v. Johns-Manville Corp.*,

876 F.2d 702, 704 (9th Cir.1989).

      **A.**    **Keller Fulfilled His Remaining Obligations Under The Term Sheet.**

Regarding the intellectual property assignment, a transfer of rights is valid if it is in writing and signed by the owner of the rights. 17 U.S.C. § 204(a). While an assignment *may* be recorded with the copyright office, it is not required for the assignment of rights to be valid. *See* 17 U.S.C. § 205(a); *see also Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1271 (D. Or. 2003) ("Failure to record the assignment of a copyright is not available as a defense to an infringer.). In the Binding Term Sheet signed by Keller, Keller "agree[s] to assign all intellectual property rights to all pictures and videos" to Defendant Ling and the CA LLC. Keller Decl., Exhibit A. Because the Binding Term Sheet was signed by Keller, it constitutes a valid transfer of rights, effective on October 29, 2022.

Thus, the only remaining condition to be fulfilled was the physical transfer of IP assets from Keller to Ling. Immediately after the Court issued its May 13, 2022 Order, Keller's counsel caused to be sent a DropBox link containing the 494 intellectual property elements, which included the various registered intellectual property elements, industrial property elements, various design elements, and legal documents as well as the transfer code for the domain www.etereotequila.com. Carreon Decl. ¶13, Exhibits A-B. Subsequently counsel separately sent a thumb drive containing the files to Ling's office address which was confirmed delivered by FedEx. Carreon Decl. ¶¶9-10, Exhibit C..

Thus, Keller has complied with all of his remaining obligations under the Binding Term Sheet.

As of the date of this Motion, Ling has neither dismissed the state law claims against Keller nor has he made any payment on the $400,000 owed. Carreon Decl. ¶12. Thus, the Court should enter judgment against Ling and the CA, LLC in the amount of $400,000 and Order Ling to dismiss the lawsuit pending in California Superior Court.

### III. CONCLUSION

For all of the reasons set forth above, Plaintiff Arthur Keller respectfully requests that the Court grant his Motion and enforce the settlement agreement by entering judgment in the amount of $400,000 against Jams R. Ling and Etereo Spirits, LLC.

DATED: July 4, 2022                                Respectfully submitted,

**/s/ *Ryan E. Carreon***
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8373
*Counsel for Plaintiffs*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On July 4, 2022, I caused to be served the foregoing documents:

**MOTION TO ENFORCE; DECLARATION OF RYAN E. CARREON;[PROPOSED] ORDER**

X      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Reid E Dammann      efacundo@grsm.com, rdammann@gordonrees.com
Juliana Coimbra Ferraz      jferraz@grsm.com, ecravey@grsm.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 4, 2022, at Wilmington, Delaware.

*/s/ Ryan E. Carreon*
Ryan E. Carreon