UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KES | Date | December 2, 2022 |
| Title | Etereo Spirits, LLC, et al. v. James R. Ling et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for an Order Charging Judgment Debtor [90]**

Plaintiff Arthur Keller ("Keller") moves to charge the membership interest of Defendant James R. Ling ("Ling") in numerous entities to enforce an unpaid balance of $400,000 pursuant to a judgment entered by this Court. (Dkt. No. 90). There was no response.

For the following reasons, the Court **GRANTS** the motion in part.

## I. BACKGROUND

This case arises from an ownership dispute over a tequila brand and its assets of tequila bottles. (See generally Compl., Dkt. No. 1). Plaintiffs Etereo Spirits, LLC, a New Mexico limited liability company ("Etereo NM"), and Keller sued Defendants Ling and Etereo Spirits, LLC, a California limited liability company ("Etereo CA"), alleging that Ling had fraudulently initiated a "knock-off" company in an attempt to establish control over the Etereo tequila brand. (See id.).

The parties settled in full at mediation on October 22, 2021, and Ling agreed to pay Keller $400,000 in exchange of Keller transferring tequila bottles and company assets to Ling. (See Decl. of Arthur Keller ("Keller Decl."), Ex. A ("Agreement"), Dkt. No. 61-2, at 6–7). Ling failed to make the payments. (See Dkt. No. 61). The Court enforced the settlement agreement in part. (See Order Dkt. No. 70).

On August 18, 2022, the Court entered judgment against Defendants Ling and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KES | Date | December 2, 2022 |
| Title | Etereo Spirits, LLC, et al. v. James R. Ling et al. | | |

Etereo CA and severally in an amount of $400,000. (Dkt. No. 80). Keller contends that Ling has failed to make such payments. (See Mot 1, Dkt. No. 90).

## II. Legal Standard

"A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Courts must act in accordance "with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." Engquist v. Or. Dep't of Agric., 478 F.3d 985, 1001 (9th Cir. 2007).

Under California law, a court may charge a judgment debtor's interest in a limited liability company toward the satisfaction of a judgment pursuant to California Corporations Code § 17705.03. Cal. Civ. Proc. Code § 708.310 (West, Westlaw through 2022 Reg. Sess.). Section 17705.03 of the California Corporations Code states that a court "may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment." Cal. Corp. Code § 17705.03 (West, Westlaw through 2022 Reg. Sess.).

## III. Discussion

Keller moves for an order charging Ling's interest pursuant to Rule 69(a) and Cal. Civ. P. Code § 708.310. (See Mot.).

Keller submits filings from the California Secretary of State to show that Ling holds membership interests in nine entities.[1] (See Mot. 2; Declaration of Ryan Carreon ("Carreon Decl.") Exs. B–H). As an initial matter, the Court takes judicial notice of the foregoing documents. Fed. R. Evid. 201. A court may take judicial notice on its own. Fed. R. Evid. 201(c). A court may judicially notice a fact that "is not subject to reasonable dispute because it is generally known within the trial court's territorial

---

[1] They are: (1) Etereo Lifestyle LLC (Carreon Decl. Ex. B); (2) Etereo Tequila LLC (id. Ex. C); (3) Filing Kits, LLC (id. Ex. D); (4) JBL & Sons Properties, LLC (id. Ex. E); (5) Ling Brothers, LLC (id. Ex. F); (6) Ling Dynasty LLC (id. Ex. G); (7) LWK Financial LLC (id. Ex. H); (8) OC Property Investments, LLC (id. Ex. I); and (9) Complex Greens, LLC (id. Ex. J).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00302-JVS-KES | Date | December 2, 2022 |
| Title | Etereo Spirits, LLC, et al. v. James R. Ling et al. | | |

jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). These filings with the California Secretary of State are public, and therefore the facts therein can be accurately and readily determined.

The same name, James R. Ling, and the same mailing address are listed on each of these filings, with the exception of the entity Complex Greens, LLC. (See Carreon Decl. Ex. J). Exhibit J shows two statements of information, dated approximately two weeks apart. (See id.). The statement dated more recently appears to update and replace Ling as a member, in addition to updating and replacing all other information in the fields, such as the company's principal business address. (See id. at 2–3). Thus, it would appear that Ling no longer holds any membership interest in Complex Greens, LLC. However, the other exhibits reflect that Ling holds either a sole or shared membership in numerous limited liability companies in California.

Accordingly, the Court charges Ling's interests in each of these limited liability companies to recover $400,000, with the exception of Complex Greens, LLC. Furthermore, Ling has not filed any opposition, so the court finds no reason not to grant the motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion in part. The Court hereby **ORDERS** that any and all interests of Defendant James R. Ling in the following entities are hereby charged with the unpaid $400,000 balance of the judgment entered on August 18, 2022:

(1) Etereo Lifestyle, LLC;
(2) Etereo Tequila, LLC;
(3) Filing Kits, LLC;
(4) JBL & Sons Properties, LLC;
(5) Ling Brothers, LLC;
(6) Ling Dynasty, LLC;
(7) LWK Financial, LLC; and
(8) OC Property Investments, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00302-JVS-KES                              Date  December 2, 2022

Title     Etereo Spirits, LLC, et al. v. James R. Ling et al.

    The foregoing entities and its members are hereby ordered to pay any distributions due or to become due to Ling directly to Plaintiff Keller until the amount remaining on the judgment, plus all accrued interest and allowable costs, are paid in full. Defendant Ling shall take all necessary actions and execute the appropriate written assignments to effect this Order.

    The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**